W. F. TAYLOR COMPANY, LIMITED, v. BAINES GROCERY COMPANY.

Decided February 5, 1903.

**1.—Insolvent Corporation—Contract—Compromise Agreement.**

Where the largest creditor of an insolvent corporation agreed to advance money to pay off its debts at 35 cents on the dollar, and to take in full satisfaction the property and other assets of the corporation, and the individual notes of two of its stockholders for any deficit which should remain between such creditor's claim and the amount realized from sale of the property and collection of outstanding obligations, such agreement was a complete defense to an action by such creditor brought against the corporation before the collection of all outstanding claims.

**2.—Same—Ratification—Individual Notes.**

Where such compromise agreement was made on behalf of the corporation by two of its stockholders who had the actual management of its affairs, and the corporation ratified and complied with its terms, it became the agreement of the corporation, binding on both parties, and the fact that it contemplated the giving of the individual notes of two of the stockholders in final settlement did not affect its validity.

**3.—Practice—Exclusion of Evidence—Harmless Error.**

Where the action of the court in excluding certain evidence could not have operated to the injury of appellant, the error, if any, is harmless.

Appeal from the District Court of Nacogdoches. Tried below before Hon. Thomas C. Davis.

*Blount & Harrison,* for appellant.

*George F. Ingraham,* for appellee.

GARRETT, CHIEF JUSTICE.—This was an action of debt brought by the W. F. Taylor Company, Limited, against the Baines Grocery Company. The plaintiff is a corporation chartered by the State of Louisiana and the defendant is a corporation chartered under the general law of the State of Texas. The petition sets out the cause of action as upon a balance on open account for $2345.82 for cash and goods, wares and merchandise furnished the defendant, and two promissory notes dated August 14, 1901, due respectively November 1 and November 20, 1901, for $512 each. After some dilatory pleas and the general denial the defendant pleaded as a special defense to the plaintiff's cause of action that the indebtedness sued upon had been discharged by a settlement between the plaintiff and defendant, in support of which the facts were averred substantially as follows: That in October, 1901, the Baines Grocery Company became insolvent, and so notified its creditors; and that a meeting of the creditors was held in Nacogdoches on November 11, 1901, for the purpose of settling and adjusting their claims with the defendant. A list of creditors with the amounts due each was attached to the petition, and it was shown that the plaintiff was the largest creditor, with a claim amounting to $2241.40; the claims of all the cred-

itors amounting to about $10,000. It was further alleged that the defendant then had on hand a stock of goods of the estimated value of $2800, which had been examined by the plaintiff, and that it had also about $2000 in notes and accounts; that the plaintiff, with full notice and a better knowledge of the condition of said assets of the defendant than any other creditor, agreed with C. S. Baines and D. C. Baines, who were stockholders of the Baines Grocery Company, that if the creditors could be settled with at 35 cents on the dollar it would furnish the money to pay that amount, provided the stock of merchandise and the notes and accounts aforesaid, or the proceeds thereof, should be delivered to plaintiff, and the said D. C. Baines and C. S. Baines would execute to it their notes for whatever balance might be due upon a final settlement of the matter; that in pursuance of such agreement the plaintiff furnished the money necessary to pay off said claims at the rate of 35 cents on the dollar, and said claims were paid and extinguished, and the stock of merchandise was sold for cash and the proceeds were delivered to the plaintiff; and said notes and accounts were placed in the hands of a collecting agency with instructions to pay over the proceeds to the plaintiff, and that all amounts collected had been paid to it; and that the said D. C. Baines and C. S. Baines had always been and were still willing to execute their notes for the balance of plaintiff's claim whenever the same could be ascertained. The cause was submitted to the court without a jury and the trial resulted in a judgment in favor of the defendant.

The defendant, the Baines Grocery Company, was a private corporation organized for mercantile purposes and did business in the town of Garrison, Nacogdoches County. C. S. Baines and D. C. Baines were stockholders in said corporation and the business thereof was conducted by D. C. Baines. In October, 1901, the company became insolvent. Its indebtedness amounted to about $10,000, and the plaintiff was its largest creditor, to whom it owed $2241.55. It had a stock of merchandise on hand worth about $2800, and there were notes and accounts due the company by customers amounting to $1800 or $1900. A meeting of the creditors of the defendant was held at its instance on November 11, 1901, at which it was agreed that the creditors would accept in payment of their claims 35 cents on the dollar. Prior to this meeting the plaintiff, acting by its agent, Z. R. Lawhon, agreed with the defendant, which was represented by C. S. Baines and D. C. Baines, who were conducting the business of defendant, to furnish the money for the payment of the claims in accordance with the terms of the settlement. As found by the trial judge the agreement was as follows:

"Plaintiff was to furnish cash enough to pay off all the creditors of defendant at 33 1-3 cents on the dollar. That defendant was to turn over the stock of merchandise on hand, and all notes, accounts and claims due to defendant, or the proceeds of the same, to plaintiff, the stock to be sold and the claims to be collected by C. S. and D. C. Baines, and as the goods were sold and claims collected the proceeds thereof to

be delivered to plaintiff, provided they could get the other creditors of defendant to accept the 33 1-3 cents on the dollar for their claim. After the stock of goods had been sold and the claims collected and all turned over to plaintiff, then C. S. and D. C. Baines were to give to plaintiff their individual joint note for whatever amount the assets of defendant lacked of paying plaintiff 100 cents on the dollar of its indebtedness to plaintiff, including the sum to be advanced by plaintiff to pay other creditors the 33 1-3 per cent of their claims, as well as the $2241.55 then owing by defendant to plaintiff."

The agreement to settle was proved by oral testimony, but it was shown to have been reduced to writing and signed by all of the creditors including the plaintiff, except some of them whose claims aggregated less than $500. The arrangement between Lawhon, representing the plaintiff, and the Baines Grocery Company was concealed from the other creditors, except A. Wettermark & Co., who accepted, however, and at the request of Lawhon and C. S. Baines and D. C. Baines, received the money and disbursed it to the creditors. The plaintiff furnished and paid A. Wettermark & Son the sum of $2715.65, the amount necessary to pay off all the debts of defendant at the rate of 35 cents on the dollar, except the debt of plaintiff, and A. Wettermark & Son paid the claims as they were presented. The stock of goods was sold and some of the notes and accounts due the defendant were collected, and the proceeds, amounting to $1593.05, were remitted to the plaintiff and accepted by it. The balance of the notes and accounts were turned over to a collecting agency at Garrison, with instructions to collect the same and remit the proceeds to the plaintiff, and there was in the hands of such agency when the cause was tried the sum of about $300 in money and about $1400 in solvent claims. The Baines Grocery Company performed their part of the agreement, and C. S. Baines and D. C. Baines both testified at the trial as to their willingness to execute their note for the balance due when it could be ascertained.

The agreement entered into between the plaintiff and the defendant for the advancement of the money to pay the amount agreed on in compromise of the claims of the creditors of the defendant should be enforced. By its terms the plaintiff undertook to advance for the use of the defendant the sum of $2715.65, and to surrender its claims against the defendant in consideration that the defendant would deliver to it the stock of goods belonging to the defendant, and the notes and accounts due the defendant by its customers to be sold and collected and the proceeds paid to the plaintiff and credited to defendant's account, including the money advanced, and that C. S. Baines and D. C. Baines should execute to plaintiff their note for the balance of the entire indebtedness, for which the plaintiff accepted the promise of the said C. S. Baines and D. C. Baines. Plaintiff advanced the money as it had agreed to do, and the defendant performed its part of the agreement by the delivery of the goods and the notes and accounts. If, when these credits have been exhausted, C. S. Baines and D. C. Baines should fail

to execute their note for such balance as may remain, the plaintiff would have a right of action against them upon their promise.

If the judgment of the trial judge is correct it does not matter that he may have given a wrong reason therefor. The pleadings do not raise the issue of fraud, and evidence tending to show fraud by the plaintiff in the procurement of the settlement can not be considered in support of the judgment. But the conclusion of the trial judge that the agreement set out in the defendant's answer having been shown by a preponderance of the evidence was a valid defense to plaintiff's cause of action, was correct and authorized the judgment rendered. The first and second assignments of error are therefore overruled.

By the third and fourth assignments of error it is claimed that the defendant being a corporation could only act by its duly authorized officers, and that it could not avail itself of the benefit of the individual contract of C. S. Baines and D. C. Baines. It was shown by the evidence that the affairs of the corporation were managed by C. S. Baines and D. C. Baines, who were stockholders therein, and in their capacity as managers and agents they had authority to bind the corporation, which it is shown ratified and complied with the terms of the contract. There could be no objection to the Baines Grocery Company's accepting and availing itself of the benefit of the promise of C. S. Baines and D. C. Baines to the plaintiff as individuals to pay any portion of its debt.

Under the sixth assignment of error the plaintiff complains of the exclusion of the testimony of Lawhon offered by it to the effect that the first he ever heard of the claim of C. S. Baines and D. C. Baines that plaintiff was to accept their individual note was about December 31, 1901. It was a controverted fact in the testimony of Lawhon and the Baineses, whether or not the note should be executed by the corporation or C. S. Baines and D. C. Baines individually. A letter from D. C. Baines to the plaintiff dated December 30, 1901, put in evidence, tended to sustain the defendant's contention, and in this connection the above question was asked Lawhon. As Lawhon had testified that the agreement was that the note was to be executed by the Baines Grocery Company, and that he had at no time agreed to take the individual note of C. S. Baines and D. C. Baines, it is not likely that the exclusion of the evidence could have injured the plaintiff even if it was admissible.

It was also immaterial, if error, whether or not C. S. Baines and D. C. Baines were insolvent at the time of the settlement, and the exclusion of testimony to show that they were insolvent was not error, since the Baines Grocery Company was confessedly insolvent.

None of the other assignments require attention. The eighth is disposed of by the fourth, and the tenth by the general conclusion in favor of the defendant. The judgment of the court below will be affirmed.

*Affirmed.*