### SIMPSON BANK ET AL. v. HENRY SMITH.

Decided November 18, 1908.

**1.—Lost Deed—Execution and Contents—Degree of Proof—Charge.**

Upon the issue of the execution and delivery of an alleged lost deed and the contents of such deed, the court properly charged the jury to determine the issue by a preponderance of the evidence, instead of instructing them that such facts must be established by "clear and positive proof." In no case in this State is it permissible for the court to instruct the jury that facts essential to a recovery must be established by clear and positive proof.

**2.—Same—Competent Testimony.**

Upon the issue of the existence, execution and contents of an alleged lost deed, the grantor in the deed was allowed to testify as follows: "At the time Mr. Hankla wrote that paper I could see well enough to read myself. As to my stating what that paper contained, I will state that Mr. Hankla wrote it out and called it a deed, and gave it to me and said that was Smith's deed." Held, in view of other testimony in the case, said testimony was not subject to the objection that it was hearsay.

**3.—Secondary Evidence—Admissibility—No Degrees.**

There are no degrees in secondary evidence. When a party is obliged to resort to secondary evidence it is permissible for him to choose his own course and introduce any evidence of that kind which he can produce. Parties may differ in their opinion as to the probative force of secondary evidence, but this does not affect the right of a party to introduce that which he thinks proper. If it is evidence, it is admissible. Its weight is for the jury.

**4.—Lost Deed—Sufficiency of Evidence.**

In an action of trespass to try title, evidence considered, and held sufficient to support a finding as to the existence, execution and contents of a lost deed and possession thereunder.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*Goodrich & Synnott,* for appellants.—Before a witness can testify as to the contents of a lost deed it must be shown first that the contents were known to the witness, and were understood by him, and it must be shown that he had seen and read the deed and is able to speak from personal knowledge. His having heard it read by another is not sufficient. Shorter v. Sheppard, 33 Ala., 654; Rankin v. Crow, 19 Ill., 630; Tayloe v. Riggs, 1 Peters, 600; Nichols v. Kingdom I. Ore Co., 56 N. Y., 618; Bouldin v. Massie, 7 Wheat., 122; Sebree v. Dorr, 9 Wheat., 558; Renner v. Bank of Columbia, 9 Wheat., 581.

Before a witness is competent to testify as to the contents of a lost deed, it must be shown that he had seen and read the deed and is able to speak from personal knowledge. His having heard it read by another is not sufficient. Shifflet v. Morelle, 68 Texas, 388; Chamberlain v. Pybas, 81 Texas, 516; Nichols v. Kingdom I. Ore Co., 56 N. Y., 618; Tayloe v. Riggs, 1 Peters, 591.

*Minton, Hamilton & Tom C. Davis,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit of trespass to try title brought August 4, 1903, by the Simpson Bank, Henry R. Byars, Hattie T. Byars, Sam B. Ford, Harry Miller, Anna R. Byars and Evelyn Howard, against Henry Smith and R. Smith, to recover a certain tract of land described by metes and bounds in their original petition.

The defendant, Henry Smith, who is the appellee, answered, disclaiming any interest in the premises, except a tract of four hundred and forty acres, the field notes of which are set out in his answer, to which he alleged title in himself acquired under and by virtue of the ten years statute of limitation, and prayed judgment against plaintiffs for the same. To that part of his answer, in the nature of a cross-action, setting up title and asking judgment for the 440-acre tract, plaintiffs replied by a general demurrer and plea of not guilty.

The case was tried before a jury and judgment rendered in favor of the plaintiffs against defendants for all the land sued for except the tract of four hundred and forty acres claimed by Henry Smith, as to which judgment was rendered in his favor against the plaintiffs, and from this judgment against them they have appealed.

*Conclusions of fact.*—The land plaintiffs sued for is the Henry Canfield league, to which they have an unbroken chain of title and are entitled to recover, unless defeated by Henry Smith's claim to the four hundred and forty acres described in his answer. There is no controversy about the facts that the appellee has been in peaceable and adverse possession of the land, claiming, cultivating, using and enjoying the same ever since August, 1881. The only question is whether such possession was taken and held by him under a deed; for, if not, it did not extend to all the land described in his answer. (Rev. Stats., art. 3344; Craig v. Cartwright, 65 Texas, 413; Bringhurst v. Texas Co., 39 Texas Civ. App., 224.) The evidence upon this issue reasonably tends to show that on or about August 17, 1881, W. T. Pulliam made a deed to appellee to the four hundred and forty acres, in which the land was described by metes and bounds, just as it is in his answer, and that Smith then

took possession of the land described in such deed and has held such possession and claimed the land under the deed ever since. The evidence upon which we base this conclusion will be stated at some length when we come to consider the second assignment of error.

*Conclusions of law.*—The first assignment of error complains of this paragraph of the court's charge: "That if you find and believe from a preponderance of the evidence before you that W. T. Pulliam made, executed and delivered to Henry Smith a deed to land on or about the 17th day of August, 1881, and that said deed conveyed to him, the said Smith, the 440 acres by field notes described in his cross-action, and you further believe that said 'Henry Smith has had peaceable and adverse possession of said land, claiming the same under said deed, cultivating, using or enjoying the same continuously for ten consecutive years before the filing of this suit, you will find for the defendant, Henry Smith, on his cross-action for 440 acres of land described in his answer and cross-action."

The grounds of complaint are that it is upon the weight of evidence, "and instructs the jury that a deed could convey land by field notes described in defendant's, Henry Smith's, cross-action."

This assignment is not presented as a proposition, and the only one asserted under it is: "Where a party attempts to establish title to land by limitation, before he can recover it is incumbent upon him to establish the statutory requirements by clear and positive proof." We suppose that it is intended to indicate by the proposition that vice in the charge lies in 'instructing the jury that it could find for appellee on the issuable facts from a preponderance of evidence, instead of instructing that such facts must be established "by clear and positive proof." If this be what is intended, the proposition clearly shows a misapprehension of law, for in no case is it permissible in this State for the court to instruct the jury that facts essential to a recovery must be established by clear and positive proof. A preponderance of evidence is all the law requires.

The second assignment of error is as follows: "The court erred in allowing the witness W. T. Pulliam to testify over plaintiff's objection: 'At the time Mr. Hankla wrote that paper I could see well enough to read myself. As to my stating what that paper contained, I will state that Mr. Hankla wrote it out and called it a deed, and gave it to me and said that was Smith's deed.' Because such testimony was not admissible to prove the execution, existence and contents of any deed made by witness to Henry Smith, and because the statement of the witness as to the contents of the paper he gave Henry Smith were not matters of his own knowledge, but were of matters told to him by others and was hearsay, and because it was not shown that the witness had read the paper over, or had heard it read over by any one, except perhaps the field notes."

The propositions asserted under it are: 1. "When a party seeks to prove the contents of a lost deed, sufficient predicate being laid for the introduction of secondary evidence, it is incumbent upon him, under the rules of evidence, to produce the best evidence obtainable, and such evidence should be sufficient to satisfy the mind of the judicial tribunal as to the terms of the instrument, and must not be vague or uncertain recollections concerning its stipulations, and where the precise language

of the deed can not be given, then the substance of it must be satisfactorily proven."

2. "Before a witness can testify as to the contents of a lost deed it must be shown first that the contents were understood by him, and it must be shown that he had seen and read the deed, and is able to speak from personal knowledge. His having heard it read by another is not sufficient."

3. "Before a witness is competent to testify as to the contents of a lost deed it must be shown that he had seen and read the deed and is able to speak from personal knowledge. His having heard it read by another is not sufficient."

In order to understand the pertinency of the testimony referred to in this assignment and determine the question of its admissibility, it is necessary to state other facts and circumstances introduced in connection with and relating to it. The facts and circumstances introduced in evidence show that W. T. Pulliam had, prior to August 17, 1881, bought the Henry Canfield league at tax sale under an agreement between him and others that it was to be divided among them; that on or about the date above stated, in pursuance of the agreement, he and the appellee had the 440 acres, claimed in this suit by the latter, surveyed by Hankla, the county surveyor, and, when surveyed, Pulliam instructed him to draw up a deed to the 440 acres to Henry Smith. A deed was drawn up by Hankla as directed, and by him handed to Pulliam (the former saying at the time, "That is Smith's deed"), who signed the same, and, at the request of Pulliam and Smith, it was attested by witnesses. It was then delivered by Pulliam to Henry Smith. All the parties, the grantor, grantee and subscribing witnesses, as well as Hankla, spoke of the paper as a deed. By virtue of it Smith went into possession of and held the land under it from the time it was made until this suit was tried. It was proved that the paper had been lost or destroyed and could not be produced in evidence upon the trial. Also, that it described the 440 acres surveyed by Hankla under Pulliam's directions for Smith, which is the same land involved in this appeal. It was signed as a deed by Pulliam as the grantor, and by W. M. Mitchell and Jacob Miller as subscribing witnesses, at the request of the grantor and grantee, and as such delivered to the latter.

Now, the paper being lost, it was necessary to prove that it was a deed by facts and circumstances, and in view of the facts and circumstances stated we think that the declaration: "Here is Smith's deed," made by Hankla, who drafted the instrument, to Pulliam, when he handed it to him, was clearly admissible as a circumstance tending to show that it was in fact a deed, if not as *res gestae*.

But this, perhaps, does not go to the proposition under the assignment, which contends that it was incumbent upon the appellee to produce the best evidence obtainable, and that such evidence should be sufficient to satisfy the judicial tribunal as to the terms of the instrument. We understand that there are no degrees in secondary evidence, which is only admissible when the best evidence, which, in this case, was the deed itself, can not be produced, and that when a party has, as did the appellee, to resort to secondary evidence, it is permissible for him to choose his own course and introduce any evidence of that kind which he

can produce. If the testimony offered be *evidence* there is no restriction upon his right to introduce it, though evidence may exist which might have more probative force. Parties may differ in their opinion as to the strength of evidence, and if one chooses to introduce that which his adversary deems of less weight than other testimony which could be produced, it can not be excluded, if otherwise admissible, even though the court should agree with his opponent as to its weight in comparison with other evidence of the same degree. For it is for the jury to judge of the weight of evidence, and the only thing the court has to do with it is to determine its admissibility.

If the term "judicial tribunal" is used in the proposition as synonymous with the word "jury," the proposition is incorrect in its assertion that the evidence "should be sufficient to satisfy the mind of the judicial tribunal." All that the law requires is that the jury should find from a preponderance of the evidence the existence of such facts as are essential to a cause of action.

The evidence, in our opinion, was not only sufficient to warrant the jury in finding that Pulliam made the deed to the appellee, but amply sufficient to prove the contents of such instrument. See Parks v. Caudle, 58 Texas, 216; Texas Land Co. v. Walker, 47 Texas Civ. App., 543. This disposes also of the third proposition, as well as the fifth, sixth, seventh and eighth assignments of error.

It is a sufficient answer to appellants' fourth assignment of error to say, in connection with what has already been held, that it was for the jury to say whether appellee went into possession and held under the deed of Pulliam to himself for 440 acres, or one for 133½ acres; and it having found in favor of appellee on this question, it is not our province to disturb the verdict. The judgment is affirmed.

*Affirmed.*