### J. M. BLAIR v. EMILY BOYD ET AL.

Decided June 1, 1910.

**1.—Limitation—Sheriff's Deed.**

A judgment debtor whose land is sold under execution but who retains possession for ten years thereafter, may thereby acquire title to the same as against the purchaser at execution sale.

**2.—Evidence—Citation.**

While a citation issued out of a District Court might be subject to the

objection that it is not the best evidence of the allegations and admissions contained in the petition filed in the case in which the citation issued, it would not be subject to the objection that it is hearsay. The two objections are not the same.

Appeal from the 55th Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*W. W. Kirkpatrick,* for appellant.

*Wilson & Cole,* for appellees.

JAMES, CHIEF JUSTICE.—The action was by appellees against appellant in trespass to try title to lot No. 8 and the adjoining half of lot 7 in block 16, Hardcastle Addition to Houston. The case was tried by the judge who awarded lot 7 to the plaintiff, Emily Boyd. The adjudication made concerning lot No. 8 is not complained of in this appeal, hence no further notice will be taken of it.

The judge filed no conclusions. The testimony shows that defendant Blair acquired, through sheriff's sale and deeds, the title of Emily Boyd in lot 7. The date of the last of such deeds was April 5, 1898. But the testimony warrants the conclusion that long prior to that time Irene Thomas and her husband (Irene being a child of Emily Boyd) were in possession and living upon the lot 7 solely by permission and as tenants of Emily Boyd, and that such possession and use for and in behalf of Emily Boyd continued to June, 1908. Under these circumstances Emily Boyd appeared to be entitled to the lot by limitations as against said sheriff's sales, and plaintiffs having pleaded a limitation title, it is conceded by appellant's brief as follows: "We accept as correct the proposition that a judgment debtor who is sold out under execution, but who retains possession for ten years thereafter may again acquire title against the execution purchaser."

There is nothing in the record that entitles appellant to complain of the judgment unless it be, as appellant contends, that the undisputed testimony shows that Irene Thomas and her husband attorned to and became his tenants soon after he purchased from the sheriff. In this regard the brief states: "It, therefore, becomes a question whether Emily Boyd held possession of lot No. 7 by tenant ten years after the date of defendant's purchase under the above mentioned judgments. We think it conclusive that she did not so hold it. It is undisputed that Milton and Irene Thomas rented lot 7 from defendant Blair in June, 1898, and remained his tenants and paid him rent until October, 1899, when he entered into an executory contract of sale as to said lot 7 with Milton and Irene Thomas, and they began making payments thereon from that time and continued until June, 1900, when they defaulted. Their attornment to him was legal because defendant was the purchaser of their landlord's title under execution."

The trouble with the above is that the facts stated do not appear as undisputed. They rested solely upon defendant's oral testimony. There was testimony by witnesses to the effect that Irene and Milton's

original tenancy under Emily Boyd remained uninterrupted and unbroken by any such transactions with defendant. And in addition to such opposing testimony, which alone would sustain the judgment, plaintiff introduced as evidence a citation, which the bill of exception shows was issued out of the District Court of Harris County to the June term, 1907, in a cause styled J. M. Blair v. Milton & Irene Thomas, which recited as follows:

"That said petition of said J. M. Blair was filed in said court on June 5, 1907, and alleging that on December 7, 1897, said J. M. Blair bought lot No. 8 and adjoinging ½ of lot No. 7, block 16, Hardcastle Addition to the city of Houston, Harris County, Texas, south side of Buffalo Bayou, at sheriff's sale under order of sale issued in cause No. 21466, City v. J. P. Wright and Emily Boyd, and again on April 5, 1898, plaintiff purchased lot No. 8 and lot No. 7, block 16, Hardcastle Addition to the city of Houston, Harris County, Texas, south side of Buffalo Bayou, at sheriff's sale, by virtue of judgment and order of sale in cause No. 21465, City v. Boyd and Wright, both of which judgments were for taxes due on said property; and by reason of sec. 40, chap. 7, Spl. Laws 25 Legislature of State of Texas, plaintiff is entitled to a lien upon the property so purchased for taxes which would have been due on the assessment of taxes at any time with all costs connected therewith, also for all taxes paid by him subsequent to said purchase, with interest on said sum at 6 per cent per annum, in the event he shall fail to acquire a valid title to said property.

"That as to said lot No. 7, the wrong parties defendant were made to both of said suits, and the true owners of said lot No. 7 at the time of said judgments and sales were Milton Thomas and Irene Thomas who held same by limitation, and by reason thereof plaintiff never acquired title to said lot No. 7 at said sales. That plaintiff paid $38.82 for said lot No. 7 at said sales.

"That he has paid taxes to the amount of $32.10 on said lot No. 7, as itemized in his petition, and which payments were made in good faith and believing that said property was his, and that defendants herein have wholly failed to pay plaintiff any of said sums so-expended although often requested.

"Wherefore, plaintiff prays judgment for $70.92 principal, and the further sum of $34.47 as interest on aforesaid sums, and for costs of suit, for foreclosure of his lien on said lands, and so much of same be sold as is necessary to satisfy the judgment herein rendered, and for general and special relief and costs of court.

The above citation was objected to as hearsay, irrelevant and immaterial. That it was not irrelevant or immaterial to the issue is obvious. It tended to show that Irene and Milton Thomas had not become his tenants, and to contradict his testimony on that issue.

As to the document being hearsay evidence, we think it was not subject to that particular objection. What appellant relies on he states in his brief as follows: "The citation is a statement made by the clerk of the District Court of what is contained in plaintiff's petition. Therefore, it being a statement made by a person out of court and not under oath of what was in fact contained and stated in J. M.

Blair's petition in that cause, and as to when it was filed, and as to all further facts therein mentioned regarding the claim of this. defendant in that suit, it is hearsay on all these points."

The document would have served as original evidence of what the petition was, if the petition had been lost. Therefore, it seems to us it can not be classed as hearsay evidence. If the objection had been that the petition itself, or a certified copy thereof, was the best evidence, the trial judge might have understood what it now seems counsel meant by "hearsay," and might have made a different ruling. The two objections are not the same and do not suggest to the mind the same things. The objection that certain evidence is hearsay is not the same as an objection that the testimony is not the best evidence. See Missouri, K. & T. Ry. v. Dilworth, 95 Texas, 331, where the objection was, "that the same was hearsay and would be permitting a witness to testify to the contents of a written instrument without first properly accounting for the nonproduction of said instrument," and the court held that the testimony was clearly not hearsay and proceeded with the other objection as a different question. The judgment is affirmed.

*Affirmed.*

Writ of error refused.