## HINKLE v. HAYS.

(Court of Civil Appeals of Texas. Texarkana. Dec. 26, 1913. Rehearing Denied Jan. 8, 1914.)

1. BOUNDARIES (§ 6*)—ERRORS IN CALL.

If the first call in a deed is indefinite or erroneous, the subsequent calls, if they agree and may be readily ascertained, are entitled to as much consideration as the first call.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 47–57; Dec. Dig. § 6.*]

2. DEEDS (§ 38*)—DESCRIPTION—SUFFICIENCY OF CALLS.

A deed described the land as follows: "315 acres of land situated about 12 miles north of M. in T. county, on W. creek. Beginning at D.'s survey a stake from which a B. J. brs. N. 50 E. 10 vrs. off. B. J. brs. 12 vrs. thence east with the same at 1284 vrs. a stake from which, being D.'s S. W. corner, a hickory brs. N. 33 W. 12 vrs. off. Thence with the same 1280 vrs. Thence W. 1378 vrs. a stake. Thence south 1284 vrs. to the place of beginning." It appeared that the initials "B. J." referred to a "Black Jack" tree. Held, that though the first call was indefinite for not giving a more definite starting point on the D. survey, the second call was sufficiently definite, and agreed with the subsequent calls so as to prevent the deed from being void for uncertainty of description.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 65–79; Dec. Dig. § 38.*]

3. DEEDS (§ 114*)—DESCRIPTION.

The description in a deed need not state in what survey the land is situated, if it otherwise identifies it.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 316–322, 326–329, 388; Dec.Dig. § 114.*]

4. ADVERSE POSSESSION (§ 80*)—COLOR OF TITLE—DESCRIPTION IN DEED.

If the description in a deed is sufficient to prevent it from being void for uncertainty, it is sufficient to give notice of a claim under the statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 463–467; Dec. Dig. § 80.*]

Appeal from District Court, Titus County; H. F. O'Neal, Judge.

Action by A. B. Hinkle against J. J. Hays. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

This is an action in trespass to try title to specific lands, brought by appellant against appellee. The jury, on peremptory instruction, returned a verdict for the defendant. The first and only assignment predicates error upon the ruling of the court holding a deed incompetent as evidence. The appellant offered in evidence a deed from Wyngate Truett to T. B. McReynolds, dated August 30, 1860, and it was objected to on the grounds that the description in the deed was at variance with the land described in the petition, and that the description of the land was insufficient to afford notice of adverse

claim of the land sued for under either the 5 or 10 years statutes of limitation. The land sued for is the Alexander Nevill survey, and is described in the petition the same as in the patent, viz.: "315 acres of land in Titus county, Red River district, about 11 miles N. 8° East of Mt. Pleasant. Beginning at I. Driskell's S. W. corner, G. W. Smith's north line a stake from which a hickory brs. N. 33 W. 12⁴/₁₀ vrs. a P. O. brs. N. 10 W. 9³/₁₀ vrs. Thence north with Driskell's W. line at 1220 vrs. past the N. W. corner of said survey at 1407⁹/₁₀ vrs. a stake, from which a P. O. brs. 75 E. 5 vrs., a black oak vrs. S. 1⁵/₁₀ vrs. Thence west at 1283 vrs. a stake from which a pin oak brs. South 39 E. 2¹/₁₀ vrs., an elm brs. S. 71 E. 4⁸/₁₀ vrs. Thence south at 1407⁹/₁₀ vrs. intersects G. W. Smith's line a stake from which a B. J. brs. W. ⁴/₁₀ vrs. a black oak brs. N. 50 E. 10 vrs. Thence east with the said survey 1283 vrs. to the place of beginning." The description of the land as contained in the deed offered in evidence is as follows: "315 acres of land situated about 12 miles north of Mt. Pleasant in Titus county, on White Oak Creek. Beginning at Driskell's survey a stake from which a B. J. brs. N. 50 E. 10 vrs. off. B. J. brs. 12 vrs. Thence east with the same at 1284 vrs. a stake from which, being Driskell's S. W. corner, a hickory brs. N. 33 W. 12 vrs. off. Thence with the same 1280 vrs. Thence west 1378 vrs. a stake. Thence south 1284 vrs. to the place of beginning, so as to contain 315 acres either more or less." The Driskell survey is the older survey, and lay in a square on the east of the Nevill survey.

Burdett & Connor, of Paris, and S. P. Pounders and J. M. Burford, both of Mt. Pleasant, for appellant. Ward & Ward and Ralston & Ralston, all of Mt. Pleasant, for appellee.

LEVY, J. (after stating the facts as above). The first call in the deed offered in evidence is for the beginning point to be "at Driskell survey a stake." The second call is "thence east with said survey 1284 varas a stake, being Driskell's southwest corner." The first call is very imperfect, from not giving a more certain and distinct starting corner on the Driskell survey. The second call does distinctly and with certainty locate and fix the end of its line to be at the southwest corner of the Driskell survey. In order to run a line east to reach the southwest corner of the Driskell survey, the point of beginning must necessarily be west of the southwest corner. Therefore it is evident that the first call or commencing point cannot be located on the Driskell survey if the second and succeeding calls are to prevail, and the second and succeeding calls cannot prevail if the first call is located on the Driskell survey east of the second call. Consequently there is obvious error either in the point stated for the beginning or in the second line to be pursued. By reference to the other calls used in the description, to determine whether the first or second call appears by the context to have been a mistake, it will be observed that there follow calls consistent with each other, and which perfect the description of a tract of land, by ascribing the mistake to have been in the first call for the starting point.

[1] Determining from all the calls, as we do, that there is an obvious error in one of the calls in the deed, and that such error is at the starting point, made indefinite by the call, it would follow that the other calls, being readily ascertained and agreeing, would be entitled to as much consideration as the first. 2 Devlin on Deeds, 1033; Booth v. Upshur, 26 Tex. 70; Smith v. Chatham, 14 Tex. 322; Phillips v. Ayres, 45 Tex. 601.

[2] It is not believed that a deed should be held void that has some definite and fixed corner and calls that, if followed from the fixed call, would completely describe a tract of land intended to be conveyed. Hence by taking the second call as definitely tying the end of its line to the southwest corner of the Driskell survey in order to fix the intended beginning place, the first line or beginning point would readily be ascertained as commencing at a point 1,284 varas west of the southwest corner of the Driskell survey, and as so located the second call would run, as called for in the deed, thence east to the said southwest corner. And as pointing to this being the true intended beginning, the bearing tree in the first call of the deed coincides with a bearing tree in the Nevill S. W. corner, if a "black Jack" and a "black oak" means the same kind of tree. The next call or third in the deed by necessary implication must run north, since it must by the call run with a boundary line of the Driskell survey, and because the succeeding call is to run west. By running this third line north the distance called for, and thence west, as the course and for the distance called for, and thence south, as the course and for the distance called for, and thence east the 1,284 varas, as the course and distance called for, the calls all agree, and are entirely consistent, and perfectly describe a tract of land. And by reason thereof the deed will not be void for uncertainty from the fact that the description in one call is incorrect, because there is a sufficient and distinct description given in the other calls such as to enable the land intended to be conveyed to be identified.

[3] The remaining question is whether the description of the land purported to be passed by the deed applies to the land sued for. The description in the deed omits to state in what survey it is situated. This is not essential if the description otherwise locates and identifies the land. And it cannot be said from the face of the description in the deed that it fails in itself to inclose the Alexander Nevill survey, or practically all of it.

[4] And furthermore, if the description is sufficient to make valid the deed, as it is, then it is sufficient to give notice of claim under limitation. Flanagan v. Boggess, 46 Tex. 334; Udell v. Peak, 70 Tex. 547, 7 S. W. 786.

The judgment is reversed, and the cause remanded.