HAYS v. HINKLE. (No. 1678.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 21, 1917. On Rehearing, March 15, 1917.)

1. TRESPASS TO TRY TITLE ⬤≈40(4)—EVIDENCE—DOCUMENTS—ADMISSIBILITY.

In trespass to try title, where plaintiff claimed under a deed which had previously in another action been held valid, the description of which applied on the ground to the land sued for, the deed was admissible.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 57, 61.]

2. TRESPASS TO TRY TITLE ⬤≈40(1)—EVIDENCE — ADMISSIBILITY — "DOCUMENTARY EVIDENCE OF TITLE."

Vernon's Sayles' Ann. Civ. St. 1914, art. 7743, provides for demand for abstract in writing of the claim of the land on which plaintiff in suit in trespass to try title claims. Article 7746 provides that in all cases the documentary evidence of title shall at the trial be confined to the matters contained in the abstract of title. Article 7745 requires the abstract to state the nature of each document intended to be used as evidence, and its date and where recorded. Article 3708 provides for certificate of the comptroller showing payment of taxes. Plaintiff, in action in trespass to try title, after demand, offered an abstract showing a deed, setting up the statute of limitation of 3, 5, and 10 years, and offered in evidence the comptroller's certificate of the assessment and payment of taxes. Held, that as "documentary evidence of title" means only such character of writing as relates to title, claim, or interest in the land, and as assessment and payment of taxes can be shown by parol evidence, a tax receipt being merely evidence of payment, such certificate of the comptroller was admissible, without being embraced in the abstract of title offered.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 55.

For other definitions, see Words and Phrases, First and Second Series, Documentary Evidence.]

3. ADVERSE POSSESSION ⬤≈115(4)—NECESSITY OF POSSESSION—PAYMENT OF TAXES—QUESTION FOR JURY.

Where taxes were paid by plaintiff's ancestor from 1877 to 1883, inclusive, but possession was maintained only to the year 1879, inclusive, it was error to submit the issue of adverse possession under the 5-year statute.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 695.]

4. INFANTS ⬤≈24—ADVERSE POSSESSION.

The statute of limitations of 10 years does not begin to run against the claims of persons who, when the possession was commenced, were minors.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25.]

5. INFANTS ⬤≈24—ADVERSE POSSESSION.

The 10-year statute of limitations begins to run against the wife of the other claimant when possession commences, and is not legally stopped by the disabilities of her heirs, to whom her title descended.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 25.]

6. HUSBAND AND WIFE ⬤≈69½—ADVERSE POSSESSION.

Where the 10-year statute of limitations did not begin to run against one heir, owing to her disability of coverture, but on her death the land descended to her coheirs, the statute began to run only when the land was cast by her death.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 294, 300.]

On Rehearing.

7. ADVERSE POSSESSION ⬤≈82—COLOR OF TITLE—DEED—NECESSITY OF REGISTRATION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5676, providing that peaceable and adverse possession, as against the person having right of action, shall be construed to embrace not more than 160 acres, including the improvements or the number of acres actually inclosed, should the same exceed 160 acres, but when such possession is taken and held under some written memorandum of title, other than a deed, which fixes the boundaries of the possessor's claim and is duly registered, such peaceable possession shall be construed to be coextensive with the boundaries specified in such instrument, it is not necessary that the deed be registered.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 468–471.]

Appeal from District Court, Titus County; J. A. Ward, Judge.

---

Action by A. B. Hinkle against J. J. Hays. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered. Motion for rehearing overruled.

This is an action in trespass to try title to 315 acres of land, brought by appellee against appellant. The plaintiff alleged and relied upon the statute of 5 and 10 years limitation for title. The defendant answered by plea of not guilty, and averring in defense against limitation the minority and the coverture of the heirs of Alexander Nevill, deceased. The case was submitted to the jury on the two special issues of the 5-year and 10-year statute of limitation, and the finding was in favor of the plaintiff. The evidence on the part of the appellant shows that on December 28, 1855, a patent was issued to the heirs of Alexander Nevill for 315 acres of land in Titus county. Alexander Nevill died June 26, 1854, and left surviving him his wife and 10 children. Mrs. M. A. Hays, a daughter, was married in 1854, and was a married woman until 1907; Thomas Nevill, a son, was born in 1838; A. J. Nevill, a son, was born April 7, 1841, and died February 28, 1906; Alexander Nevill, Jr., a son, was born in 1854, and died in 1907; Mrs. Mary Brooks, a daughter, was married in 1858, and died in 1861, leaving a son named Zack; Mrs. Nancy Carter, a daughter, died without issue July 20, 1869; Mrs. Julia Broadus, a daughter, was married in 1869, and died in 1876, leaving a son named Bascom; Mrs. Sarah Rowland, a daughter, married in 1867, and her husband died May 12, 1874; Mrs. Martha Brooks, a daughter, was married in 1868, and was a married woman until 1900; W. F. Nevill, a son, was born in 1845. The wife of Alexander Nevill died October 15, 1868. On December 3, 1906, the surviving heirs of Alexander Nevill executed a conveyance of the 315 acres of land to James J. Hays, the appellant. The evidence on the part of appellee shows that on August 30, 1860, Wyngate Truitt executed a conveyance of 315 acres of land to T. B. McReynolds. The evidence authorizes the finding of fact, as involved in the judgment of the court, that the 315 acres so conveyed was the Alexander Nevill survey. The said deed to McReynolds as a fact lacked 29.6 acres of covering the land described in the petition. This deed was acknowledged and then filed for record in the clerk's office on December 3, 1860. T. B. McReynolds died in February, 1870, leaving surviving him three children. The wife died in 1867. On December 3, 1882, two of the surviving children executed a conveyance of the 315 acres to Minnie McReynolds, the other surviving child, who is the wife of the appellee. This deed was acknowledged on March 25, 1884, and then placed of record in the Deed Records of the county on June 12, 1902.

The Z. Brooks survey adjoins the Alexander Nevill survey on the west, and at the time of the deed from Wyngate Truitt to him T. B. McReynolds had a farm on the Brooks survey and claimed to own it. There is evidence to show that in October, 1860, there were a double log house and some negro cabins on the land deeded by Truitt to T. B. McReynolds, and 7.28 acres of the land was cleared. T. B. McReynolds and his family, it appears, lived in the double log house, and he had the land cultivated and claimed to own the premises. After the death of T. B. McReynolds in February, 1870, the land was occupied and cultivated by tenants of the surviving children. There is evidence to show that the 7.28 acres of land was occupied and cultivated continuously by tenants of the children until and through the year 1879. The evidence does not show use or occupancy of the land after the year 1879. The land was assessed in the name of T. B. McReynolds and taxes were paid thereon by him from 1862, inclusive, to 1869. There is evidence authorizing the finding that taxes were paid on the land by the heirs of T. B. McReynolds in 1874 and for the years from 1877, inclusive, to 1883, inclusive, and, except the years 1884 and 1885, to 1910. T. B. McReynolds in his lifetime, and his heirs, have claimed to own the land from 1860 to date of trial. Excluding the time from January 28, 1861, until March 30, 1870 (when the statutes of limitation were suspended by law), the appellee's wife and those under whom she claims have had and held peaceable and adverse possession of the land, claiming it under and to the extent of the field notes of the deed in evidence, cultivating and using said land that was cleared for 10 years, from October, 1869, to and including 1879. The evidence shows five years' payment of taxes on the land, from 1877, inclusive, to 1883, inclusive, but does not show possession after the year 1879. The evidence warrants the finding of fact that there was not five years' possession of the land concurrent with payment of taxes thereon by appellee and those under whom she claims after March 30, 1870. Limitation did not run against the interest of Mrs. M. A. Hays, Mrs. Mary Brooks, Mrs. Julia Broadus, and Mrs. Martha Brooks, or any of the heirs of Alexander Nevill, deceased, except Thomas Nevill. Limitation began to run against the one-half interest of Mrs. Elizabeth Nevill. The judgment of the court authorized plaintiff to recover an undivided seven-ninths interest in the land.

Mahaffey, Keeney & Dalby, of Texarkana, and B. Rolston, of Mt. Pleasant, for appellant. S. P. Pounders and J. M. Burford, both of Mt. Pleasant, and Burdett & Connor, of Paris, for appellee.

LEVY, J. (after stating the facts as above). [1] By the first assignment of error it is contended that the court erred in admitting in evidence the deed from Wyngate Truitt to T. B. McReynolds, of date August 30, 1860. It

is thought that this deed is not void, as was heretofore ruled, for insufficiency of description of the land. Hinkle v. Hays, 162 S. W. 435. And there is evidence tending to show that the description of the land purported to be passed by the deed applies on the ground to the land sued for. Therefore this assignment, and also the second assignment of error, are overruled.

[2] The appellant made a statutory demand, before the trial of the case, of appellee for an abstract in writing of the claim or title to the land in suit upon which he relies. Article 7743, Vernon's Sayles' Stat. Appellee filed an abstract, which, besides stating certain deed, stated "statute of limitation of three, five, and ten years—that is to say, possession from 1860 to 1885—as contemplated by the statute." And appellee offered in evidence, over appellant's objection thereto, a certificate of the comptroller stating, as shown by the records of his office, the assessment for taxes of the Alexander Nevill survey for the years 1855 to 1869, inclusive, and also tax receipts issued by the tax collector for the years 1878 to 1910, with the exception of the years 1884 and 1885. The appellant predicates error upon the ruling of the court, because the certificate of the comptroller and the tax receipts of the tax collector were not included nor given in the abstract filed. The statute provides (article 7746) that:

"In all cases the documentary evidence of title shall, at the trial, be confined to the matters contained in the abstract of titles."

And the "documentary evidence of title," as used in the article, is meant to apply, we think, only to such character of writing as relates to title, claim, or interest in land. For according to the language of the statute (article 7745) the abstract of title shall state:

"(1) The nature of each document or written instrument intended to be used as evidence, and its date," and "(3) Where recorded, stating the book and page of the record."

As, for instance, besides conveyances or contracts to convey, a power of attorney (Smith v. Powell, 5 Tex. Civ. App. 373, 23 S. W. 1109), a will (Martin v. Kosmyroski, 27 S. W. 1042), a lease (Hayes v. Groesbeck, 69 S. W. 237), a deed of trust (Skov v. Coffin, 137 S. W. 450), and the like, in the chain of title. And as a muniment of right, title, or interest in the chain of title is required to be shown by the writing itself, and is a subject-matter of registration, the abstract of title should embrace such "documentary evidence of title." But such mere matters of fact as assessment of land for taxes and the payment of taxes are authorized to be shown by parol evidence, and are not required to be proven by any writing itself. A tax receipt is merely evidence of a verbal fact of payment of the tax. McDonough v. Jefferson County, 79 Tex. 535, 15 S. W. 490. And the certificate of the comptroller, made competent evidence by statute (article 3708), is but a convenient way for the production of evidence of mere matters of fact of assessment of land for taxes and payment of such taxes. Hence tax receipts and a certificate of the comptroller that the assessment of land for taxes and the payment of such taxes are shown by the records of his office are not such writings as by the terms of the statute are required to be embraced in the abstract of title.

[3-6] It is thought the evidence shows adverse possession under the deed in evidence, and occupancy and cultivation of a part of the land on the part of T. B. McReynolds from October, 1860, to his death in February, 1870, and by his heirs through tenants from February, 1870, to and through the year 1879. This would complete the 10-year statute of limitation, after excluding the period of time limitation was suspended by law. Consequently the court did not err in submitting this issue to the jury. But, excluding the evidence of Mrs. M. T. McReynolds, which the court should have done, we think, upon the ground of being hearsay, there is not evidence, we conclude, to present the issue of the 5-year statute of limitation, and therefore the court erred in submitting this issue to the jury, for the evidence shows payment of taxes from 1877, inclusive, to 1883, inclusive, with possession of the premises only appearing to the year 1879, inclusive.

And as the five-year statute of limitation has not application to the case, then the interest of the heirs of Alexander Nevill, deceased, except Thomas Nevill, would not in the record be barred of recovery by appellant, holding their interests by deed; for such heirs, except Thomas Nevill, were, according to the undisputed proof, under the disabilities, respectively, of coverture and minority in October, 1860, when the adverse possession of the land was begun by T. B. McReynolds. But as adverse possession of the land was begun by T. B. McReynolds in October, 1860, the interest of Thomas Nevill, who was of age at that time, would be barred under the 10-year statute of limitation, as found by the jury to be complete. And the one-half community interest in the land of Mrs. Elizabeth Nevill, wife of Alexander Nevill, would be barred by the 10-year statute of limitation, for she was living in October, 1860, when adverse possession was begun by T. B. McReynolds. The adverse possession so begun against Mrs. Nevill was not legally stopped by the disabilities of her heirs to whom her title descended. Johnson v. Schumacher, 72 Tex. 339, 12 S. W. 207. And since it appears that Mrs. Nancy Carter died without issue in 1869, after her mother, then all her interest would go equally to her brothers and sisters. But the interest of Mrs. Nancy Carter so inherited by her brothers and sisters would not be barred by limitation, as shown by the record; for, as limitation had not begun to run against her at the time of her death, it would not begin to run against her interest until it was cast by

descent. And as to her interest the 5-year statute was not shown to exist.

We have considered the other assignments, and do not think they present reversible error. They are therefore overruled. As the statute of 10-year limitation was, as found by the jury, complete, the one-half interest in the land of Mrs. Elizabeth Nevill, and the interest of Thomas Nevill, which was one-twentieth of the whole, were barred, and appellee was enabled to recover the same. The interest of Thomas Nevill, inherited by him on the death of Mrs. Nancy Carter, would not be barred by the 10-year statute of limitation. And as the five-year statute of limitation has not, in the evidence, application, the interest of all the other heirs of Alexander Nevill, deceased, would not be barred by limitation, and the appellant is entitled to recover the same.

Therefore the judgment of the district court is reversed, and judgment is here rendered in favor of appellee, in virtue of the ten-year statute of limitation, for eleven-twentieths, and in favor of appellant, in virtue of his deed, for nine-twentieths of the land in suit as described in the deed to McReynolds. The costs of appeal will be taxed against appellee.

### On Rehearing.

[7] It is insisted that the deed under which the limitation of 10 years is claimed was not filed for record until December 3, 1860, and therefore appellee may not recover to the extent of the deed. It is believed that article 5676, Vernon's Sayles' Statutes, does not require that a deed be registered. Craig v. Cartwright, 65 Tex. 423; Simpson Bank v. Smith, 52 Tex. Civ. App. 349, 114 S. W. 445; Bringhurst v. Texas Co., 39 Tex. Civ. App. 500, 87 S. W. 898. In the latter case the court overruled the former cases of Doom v. Taylor, 79 S. W. 1086, and Watts v. Bruce, 31 Tex. Civ. App. 347, 72 S. W. 200. The findings of fact requested are corrected and made to appear in the original opinion. The judgment of the court does not include fieldnotes, further than given in the deed to McReynolds.

Motion for rehearing overruled.