## BUSBY et al. v. FIRST NAT. BANK OF OLNEY.

### No. 12933.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 20, 1934.

Rehearing Denied Feb. 17, 1934.

Bert King, of Wichita Falls, for appellants.

E. G. Thornton, of Olney, for appellee.

POWER, Justice.

The First National Bank of Olney, Tex., instituted suit in the district court of Young county against R. H. Busby and R. W. Failes, as principals, upon a promissory note and to foreclose a chattel mortgage upon personal property. Plaintiff's petition described the personal property as follows: "50 cows, 7 bulls and 47 calves, all located in Baylor County, Texas."

Defendant Busby answered by general demurrer and general denial. No answer was filed by defendant R. W. Failes.

E. W. Hunt, president of the bank, testified concerning the note and chattel mortgage and pertaining to the chattel mortgage he testified, in effect, that defendant Busby had executed a chattel mortgage to plaintiff as against "50 cows, 7 bulls, and 47 calves, all located in Baylor County, Texas," that the mortgage was executed before the note, forming the basis of this suit, and that the note sued on was a renewal of the original indebtedness for which the chattel mortgage was given. He testified further that the mortgage was existing and unsatisfied on the animals at the time of the trial, and that the bank was suing for a foreclosure of the chattel mortgage lien on said animals. The note in question was introduced in evidence and contained a notation to the effect that it was a renewal note and that the same chattels secured it which secured the original note.

The plaintiff then introduced a receipt for the chattel mortgage in words and figures as follows:

"County Clerk's Office, Baylor County, Texas, received one chattel mortgage executed by R. H. Busby to First National Bank of Olney, Texas, dated July 30, 1930, for $2017.70, on the following described property:

50 Hereford cows range from 4 to 6 years old.

47 steer and heifer calves.

7 registered yearling Hereford bulls.

Cows and calves all branded R on left side.

Said property being now situated on my lease land about 3 miles N. E. of Westover.

Filed for record this 3rd day of September, 1930, at 8 o'clock A. M.

"Robt. Jones,
"County Clerk Baylor County, Texas."

All evidence, both written and oral, was introduced and admitted without any objection whatever.

Judgment was rendered by the court, the issues not having been submitted to a jury, and the judgment recites "that the said note is further secured by a chattel mortgage lien on 50 cows, 7 bulls and 47 calves, all located in Baylor County, Texas," and further decrees "that the mortgage lien as it existed on the 30th day of July, A. D. 1930, on the above described cattle be and the same is hereby foreclosed and that an order of sale issue to the sheriff or any constable of Baylor County, Texas, where such property may be

found, directing him to seize and sell the same as under execution, in satisfaction of this judgment."

On this appeal appellant seeks reversal on the following propositions:

"1. The court erred in rendering judgment foreclosing the chattel mortgage in this case because there is no description of the cattle alleged to be mortgaged either in the pleadings or judgment sufficient to identify said cattle, and the judgment therefore is void.

"2. The court erred in rendering judgment jointly against Busby and Failes because the record shows upon its face that there was no consideration for Failes' signing the note, the evidence showing that he signed long after the loan had been made to Busby.

"3. There was no competent evidence offered at the trial that there was a mortgage in existence, and judgment, therefore, of foreclosure is void.

"4. There was no competent evidence offered at the trial that would warrant judgment on the note."

The second proposition, to the effect that the court erred in rendering judgment jointly against Busby and Failes, and the fourth proposition, to the effect that there was no competent evidence offered at the trial that would warrant judgment on the note, have been considered and overruled.

Discussing the third proposition, to the effect that there was no competent legal evidence offered at the trial, that there was a mortgage in existence, and that the foreclosure was void, it will be noted that in Tex. Jurisprudence, vol. 17, pp. 497, 498, it is said: "A party loses the right to demand the best evidence by permitting the introduction of secondary evidence without objection and secondary evidence admitted without objection, when competent, may be considered in passing upon the sufficiency of the evidence to prove a fact or sustain a judgment."

■ There are no degrees in secondary evidence. Therefore, where secondary evidence is permissible, the party may introduce any evidence of that character he chooses, though other evidence exists having greater probative force. Simpson Bank v. Smith, 52 Tex. Civ. App. 349, 114 S. W. 445. It has been held also, where secondary evidence of the contents of a writing is admissible, its contents may be proved by parol. Lindsay v. Woods (Tex. Civ. App.) 27 S.W.(2d) 263. In the case of Blair v. Boyd, 61 Tex. Civ. App. 435, 129 S. W. 870, the Court of Civil Appeals held that, where certain statements in a plaintiff's petition were sought to be proved, a citation, signed by the clerk, containing what was purported to be the allegations in the petition, was offered in evidence, no objection was made to the effect that the original petition or certified copy thereof was the best evidence, and, because no such objection was made, the appellate court gave weight in consideration of the case to the statements in the citation, holding it was properly admitted as secondary evidence. The court further stated: "The document would have served as original evidence of what the petition was, if the petition had been lost." A writ of error was denied in this case.

■■ It is the opinion of this court that this receipt, having been admitted without objection and uncontradicted, was secondary evidence and evidences a fact not improbable; that it had probative force to the effect that a chattel mortgage was executed and delivered by defendants R. H. Busby and R. W. Failes; that it contains a legal description of the chattels upon which a lien was executed; that a trial upon secondary evidence is not within itself void, and, where such evidence is admitted without objection and uncontradicted, the court will give it consideration.

■ Referring to appellant's first proposition, to the effect that the court erred in rendering judgment foreclosing the chattel mortgage in that there was no description of the cattle alleged to be mortgaged, either in the pleadings or judgment, sufficient to identify said cattle, it is the opinion of this court that the judgment should be reformed. However, there being evidence of a legal description of the cattle in question, the trial court should have embraced such legal description in his judgment, and this court has power to so reform said judgment.

It is therefore ordered that the judgment be corrected and reformed, to the effect that plaintiff have judgment foreclosing its chattel mortgage against the following described property: "50 Hereford cows range from 4 to 6 years old; 47 steer and heifer calves; 7 registered yearling Hereford bulls; cows and calves all branded R on left side, said property being now situated on the leased land of R. H. Busby, about 3 miles N. E. of Westover; that the ages of said cattle, as herein described, refer to the age of same as of date of said mortgage, July 30, 1930." It is further ordered that appellants have judgment for costs of appeal as against the First National Bank of Olney, Tex., and, as reformed, the judgment is affirmed.