D. A. LOVELESS et al., Appellants,

v.

TEXAS FIRST MORTGAGE
REIT, Appellee.

No. 16557.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 4, 1975.

Rehearing Denied Jan. 8, 1976.

Winstead, McGuire, Sechrest & Trimble, W. Ted Minick, Dallas, for appellants.

Alan Schulman, Vinson, Elkins, Searls, Connally & Smith, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order overruling the defendants' pleas of privilege. The principal issue on the appeal is the admissibility of a note without proof of execution, where the suit was on an instrument guaranteeing the payment of the note. We find that the note was properly admitted into evidence without proof of execution and, accordingly, affirm.

Texas First Mortgage Reit (Reit) filed suit in Harris County to recover from guarantors the deficiency remaining on a promissory note which was not executed by the guarantors. The guarantors filed pleas of privilege and Reit filed a controverting affidavit asserting that venue is proper in Harris County by virtue of Article 1995(5), V.A.C.S., providing that suit on a contract in writing to perform an obligation in a particular county, expressly naming such county, or definite place therein, may be brought in such county.

Guarantors admit that they are parties to the guaranty contract and that the contract is an unconditional and absolute guaranty of a promissory note dated March 30, 1973, executed by Hysite Corporation in favor of Reit. The guarantors executed an instrument dated March 30, 1973, whereby they unconditionally guaranteed payment of a loan in the sum of $375,000.00 evidenced by "a promissory note of even date herewith from Hysite Corporation to Lender." By this agreement the guarantors agreed to guarantee the full and timely payment of

the note "irrespective of the validity, regularity or enforceability" of the note and agreed upon the borrower's failure to pay the indebtedness at maturity to make such payment "at the place specified in the note for payment." At the beginning of the trial counsel for Reit stated to the court that he had copies of the note and the guaranty agreement, as well as the originals, and asked if the copies could be marked for convenience. The originals were given to counsel for guarantors for examination. The copies were thereafter marked for identification. A witness was then sworn and identified the agreement of guaranty and stated that it guaranteed a certain $375,000.00 promissory note from Hysite Corporation to Texas First Mortgage Reit dated March 30, 1973. He testified as to other provisions of the agreement including the agreement to pay the indebtedness at the place specified in the note.

He was then shown Exhibit No. 2 and identified the document as being a promissory note dated March 30, 1973, in the amount of $375,000.00, and stated that "it is executed on behalf of Hysite Corporation by William Lee Folse, president." Thereafter, at the request of counsel for Reit, he read to the court portions of the note including the provision that the note would be payable in Harris County, Texas. He testified that Texas First Mortgage Reit was the owner and holder of the note and that the note was in default. All of this testimony was given without objection. On cross-examination the witness testified that he was not present at the execution of the guaranty agreement or the note. He also testified that the commitment which resulted in the loan in question was issued to Lee Folse Properties, Incorporated, and that Reit subsequently made other loans to Lee Folse Properties, Incorporated.

After both parties had rested, counsel for guarantors called attention of the court to the fact that the note had not been introduced into evidence, and stated that he had specific objections to its introduction. At that point the court stated that he recalled that they were introduced. Counsel for guarantors stated to the court that he would like to urge his objections and the court permitted him to dictate them into the record. He objected that there was no evidence as proof of due execution of the note and that it was hearsay as to the guarantors. He pointed out that there was an ambiguity in that the note referred to a guarantee by Lee Folse and makes no mention of the guarantee by the defendants in this case. He also urged that the description of the note being guaranteed was insufficient. He then urged the court to strike any testimony relating to the note or the guaranty agreement because "it's not adequately been proved, nothing more than hearsay evidence as to these defendants." The court made no specific ruling on the objections to the introduction of the note or on the motion to strike. However, the trial court found that the guaranty contract is expressly performable at the place specified in the Hysite promissory note for payment; that plaintiff introduced into evidence, as Exhibit 2, the original promissory note dated March 30, 1973, made payable to the order of Texas First Mortgage Reit and signed by Hysite Corporation by its president, William Lee Folse; and that the promissory note provides that it is payable to order of Texas First Mortgage Reit "at 1919 Allen Parkway, Houston, Texas, 77019, or at such other location in Harris County, Texas, as holder may direct."

The trial court concluded that the testimonial and documentary evidence offered by plaintiff was sufficient to prove that the promissory note, which was the subject of the guaranty agreement, was performable in Harris County, Texas. He further concluded that the defendants contracted in writing to perform an obligation in Harris County, Texas, and that venue was proper in Harris County, Texas, by reason of Subdivision (5), Article 1995, V.A.C.S.

■ Since the note specifies that it is payable in a specific place in Harris County, Texas, and by the contract of guaranty the guarantors have agreed to pay the indebt-

edness at the place specified in the note for payment, venue in Harris County was properly established in accordance with Article 1995(5), V.A.C.S., if that provision of the note specifying the place of payment is properly in evidence. *Rost v. First National Bank of Gonzales,* 472 S.W.2d 579 (Tex. Civ.App.—Corpus Christi, 1971, no writ history); *Forman v. Barron,* 120 S.W.2d 827 (Tex.Civ.App.—El Paso, 1938, writ ref'd).

 There was parol evidence that the note contained a provision requiring payment in Houston, Harris County, Texas. While the guarantors moved to strike this evidence on the basis of their contention that it was hearsay, the trial court failed to rule on the motion, and proceeded to consider such evidence. Although the witness testified that he did not see the note executed, there is no evidence that he did not know of his own knowledge that the note was executed by those whose signatures it bore. It is clear from the evidence that he did know the content of the instrument concerning which he testified. In the absence of an objection based on the best evidence rule the trial court properly admitted the testimony and properly refused to strike it from the record. *Blair v. Boyd,* 61 Tex.Civ.App. 435, 129 S.W. 870 (Houston, 1910, error ref'd).

The guaranty agreement described the note which it guaranteed as being made by Hysite Corporation payable to Texas First Mortgage Reit dated March 30, 1975, and in the principal sum of $375,000.00. The note offered at the trial fit this description. The validity of the note was not an issue at this venue hearing. The issue was whether the note introduced was the note described in the guaranty agreement. The trial court's affirmative finding on this issue is supported by the evidence.

When the execution of a writing is not an issue but only the content of such writing, proof of execution is unnecessary. 32 C.J.S. Evidence, Sec. 733b; 7 Wigmore, Evidence, Sec. 2132.

Sec. 3.307(a), Texas Business and Commerce Code, provides in part:

"Unless specifically denied in the pleadings each signature on an instrument is admitted . . . ."

This provision of the Code is clear and specific and not subject to construction. A sworn denial of execution required by Rule 93, Texas Rules of Civil Procedure, was not required because the note is not alleged to be executed by any one of the guarantors nor by anyone authorized to bind the guarantors. McDonald's Texas Civil Practice, Sec. 7.29, p. 234. Nevertheless, by reason of Sec. 3.307(a), supra, a specific denial of the validity of the signatures on the note is required to place due execution of the instrument in issue.

Affirmed.