D. W. DOOM ET AL. v. T. L. TAYLOR ET AL.

Decided March 18, 1904.

**1.—Limitation—Actual Possession—Statutory Right.**

One can recover, under a plea of limitation of ten years, only that portion of the land in controversy shown to have been actually occupied by him, or 160 acres, if his possession be less than that, by virtue of article 3344, Revised Statutes, where his possession is not under a deed or other written memorandum of title duly registered.

**2.—Statutory Construction—Written Memorandum—Deed—Registration.**

The requirement of the statute that, to entitle the party in possession of land to hold to the boundaries described in any written memorandum other than a deed under which he claims, such memorandum must be duly registered, applies also to deeds.

**3.—Possession—Deed.**

Possession, under the ten years statute of limitation, by construction, to the limits claimed in the deed under which it is held, ceased when the title passed from the possessor by execution sale, and thenceforth his possession was limited to the part actually occupied.

Appeal from the District Court of Jasper. Tried below before Hon. W. P. Nicks.

*D. W. Doom* and *H. C. Howell,* for appellants.

No brief on file for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellants against the appellees to recover the title and possession of a tract of 218 acres of land, a part of the Thomas Tanner league in Jasper County. The defendants answered by plea of not guilty and by special pleas of limitation of three and ten years. By supplemental petition plaintiffs pleaded the coverture of the plaintiffs, Mrs. Cora Odell, Mrs. Mary E. Eyers and Mrs. Hattie M. Hicks. The trial in the court below without a jury resulted in a judgment in favor of defendants for the land in controversy on their plea of limitation of ten years.

The trial court filed the following findings of fact which, with the modification of the tenth finding hereinafter stated, we adopt as our conclusions of fact: "1. It was admitted on the part of plaintiffs and defendants that there is a complete chain of title from the government down to William Taylor, and that both plaintiffs and defendants claim title under William Taylor as common source of title, and I find:

"2. That Bernard Weil obtained judgment in the District Court of Jasper County, Texas, against William Taylor on the 9th day of April, 1867, which was reformed by a judgment of said court on the 8th day of October, 1868.

"3. That the first execution was issued on said judgment as reformed on the 3d day of October, 1872, and levied on the land in con-

troversy on the 11th day of October, 1872, by the sheriff of Jasper County, Texas, and was sold by the sheriff of said county by virtue of said execution and levy on the 1st day of November, 1872, at which sale D. W. Doom and M. C. Moulton became the purchasers, and that said sheriff executed to said purchasers a deed for the land on the 9th day of October, 1872.

"4.   That plaintiffs D. W. Doom and M. C. Moulton instituted suit against Harriet Taylor on the 9th day of June, 1875, and recovered judgment in said suit against Harriet Taylor on the 16th day of July, 1875, and that William Taylor was not a party to said suit.

"5.   That Harriet Taylor was the tenant of William Taylor at the time of the institution of the suit and renditions of judgment.

"6.   That M. C. Moulton died on the 9th day of November, 1882.

"7.   That all the plaintiffs except D. W. Doom claim as the devisees of M. C. Moulton and Lowman G. Moulton.

"8.   That William Taylor died on the —— day of ———, 1888.

"9.   That the defendants are the children and heirs at law of William Taylor.

"10.   That William Taylor had actual and continuous possession of the land in controversy from 1875 until his death, claiming under a deed, and that the defendants as his heirs have had actual and continuous possession of the land from the death of their ancestor, William Taylor, until 1894.

"11.   It was admitted that D. W. Doom and M. C. Moulton have paid taxes on the land in controversy for each and every year since the date of their purchase in 1872 to the present time.

"12.   That the deed from John R. Williams to William Taylor under which he claimed the land in controversy, was dated —— day of ———, 1857, and was not recorded until September 23, 1898, and the land described in said deed is the land described in plaintiff's petition and contains by actual measurement 218 acres.

"13.   That the dwelling house of William Taylor was not on the tract of land in controversy, but on the adjoining tract, containing 490 acres.

"14.   That plaintiff Mrs. Cora Odell was married to Edward V. Odell on December 3, 1873.   That plaintiff Mary E. Ayers was married to Charles I. Ayers on the 24th day of May, 1874, and plaintiff Hattie M. Hicks was married to Arthur J. Hicks on July 31, 1889."

The undisputed evidence shows that neither the defendants nor their ancestor, William Taylor, were ever in actual possession of all of the land in controversy, and the tenth finding of fact, considered in connection with the twelfth and the undisputed evidence in the record, can only be sustained upon the theory adopted by the trial court that, under the other facts found, actual possession by William Taylor and the defendants to any part of the land amounted in law to possession to all

of the land included within the boundaries set out in the deed to William Taylor.

Under appropriate assignments of error appellants assail the judgment of the court below on the ground that upon the facts found the ten years statute of limitation was only available as a defense to appellants' claim to that portion of the land in controversy shown to have been in the actual possession of appellees, and the evidence failing to show with any certainty what portion of the land had been so occupied, judgment should have been rendered for appellants for the whole of said land.

In so far as the assignments raise the question of the right of appellees to recover, under their plea of limitation of ten years, that portion of the land not shown to have been actually occupied by them, they must be sustained. Appellees can not under their pleas of limitation hold the land not actually occupied by them because their possession was not under a deed or other written memorandum of title duly registered. The title of their ancestor William Taylor having been divested by the sheriff's sale to Doom and Moulton, his subsequent possession of a portion of the land can not be extended to the boundaries described in the deed under which he claimed prior to the sheriff's sale. The sale of the land having divested Taylor of his title and claim under said deed his subsequent possession was that of a trespasser, and as such he could only acquire title to the land actually occupied by him, or if his occupancy extended to less than 160 acres he could by virtue of the statute have his claim extended to include that amount of land. Rev. Stats., art. 3344; Voight v. Mackle, 71 Texas, 78.

Appellees are further prevented from holding to the boundaries of the deed to William Taylor for the reason that said deed was not recorded until long after the occupancy of the land by which appellees claim to have acquired the title had ceased.

We think the requirement of the statute, that to entitle the party in possession of land to hold to the boundaries described in any written memorandum other than a deed under which he claims such memorandum must be duly registered, applies also to deeds. The purpose of the statute in requiring the memorandum of title to be recorded is to give notice of the extent of the claim, and the propriety of requiring such notice is as obvious when the claim is under a deed as it is when such claim is under any other written memorandum. The construction of the statute which accords the possessor the right to hold to the boundaries of his deed, where he claims under a deed, when the statute by a literal construction would only give him the right to so hold where he claims under a written memorandum other than a deed, necessarily requires that in order for a claimant under a deed to secure the benefit of such claim the deed must have been duly registered.

Appellees being only entitled to recover that portion of the land actually occupied by them, or if the number of acres so occupied was less than 160 to recover not more than said amount, which should be sufficiently described to enable the court to render judgment therefor (Giddings v. Fischer, 8 Texas Ct. Rep., 623), the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*