SHAW et al. v. THOMPSON BROS. LUMBER CO. (No. 5495.)†

(Court of Civil Appeals of Texas. San Antonio. June 2, 1915.)

1. PLEADING ⟊412—VERIFICATION—WAIVER.
Though defendants' pleas of limitations were not denied under oath, yet, where the case was tried on the theory that the issues of limitations were made by the pleadings, and evidence was introduced without objection, defendants, who did not ask for judgment on the pleadings, must be held to have waived the error, and cannot on appeal contend that judgment should have been rendered for them on the theory that their pleas were confessed.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. ⟊412.]

2. ADVERSE POSSESSION ⟊85—RUNNING OF STATUTE—EVIDENCE.
Evidence held insufficient to establish defendant's title by limitations not showing that the defendant in possession notified plaintiff of his attornment to the other defendants.
[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 313, 498–503, 656, 657, 660, 668, 688–690; Dec. Dig. ⟊85.]

3. APPEAL AND ERROR ⟊738—ASSIGNMENTS OF ERROR—SUFFICIENCY.
An assignment complaining of two distinct rulings, one relating to the admission and the other the sufficiency of evidence, is too general, and will not be considered, particularly where it does not contain the evidence complained of.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3033; Dec. Dig. ⟊738.]

4. TRIAL ⟊392—FINDINGS—REQUESTS.
Where defendants are dissatisfied with the court's general conclusion, they should ask for findings upon specific points.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. ⟊392.]

5. JUDGMENT ⟊684 — RES JUDICATA—PERSONS CONCLUDED.
Where defendant in a previous suit in which plaintiff recovered the land disclaimed any interest, although he remained in possession, his secret attornment to his codefendant during the pendency of that suit would not be the basis of any title by limitations which he himself could not assert under Rev. St. 1911, art. 7758, providing that the judgment in the action shall be conclusive as against any title procured pending the action.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1207; Dec. Dig. ⟊684.]

6. ADVERSE POSSESSION ⟊97—COLOR OF TITLE—DEEDS.
Where a landholder parted with the title acquired by a deed to him, such deed cannot be made the basis for a claim by his heirs of title by limitation under the five-year statute.
[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 537–541; Dec. Dig. ⟊97.]

Appeal from District Court, Walker County; S. W. Dean, Judge.

Action by the Thompson Bros. Lumber Company against B. S. Shaw and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Adams & Young, of Crockett, for appellants. Hill & Elkins, of Huntsville, and Townes & Vinson, of Houston, for appellee.

---

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Writ of error pending in Supreme Court.

MOURSUND, J. This is an action of trespass to try title, instituted on April 24, 1914, by appellee against B. S. Shaw, Mrs. Ella Murchison, Mary B. Murchison, Ella Hightower, and husband, Cullis Hightower, seeking to recover 87 acres of land in Walker county. Defendants answered by general denial, plea of not guilty, and also pleaded the five and ten year statutes of limitation. Judgment was rendered in favor of plaintiff, and at defendants' request findings of fact and conclusions of law were duly filed. The findings of fact are long, and only such portions thereof as are deemed material will be stated by us.

The record title to the land is in plaintiff, and it is entitled to recover unless defeated by limitation. In the year 1900 B. S. Shaw took possession of the land, inclosed it, and used it exclusively for the purpose of pasturage. He did this of his own volition, and not as a tenant of his codefendants, who are the heirs of W. J. Murchison.

On August 26, 1903, Wade Allen and others instituted a suit in the United States Circuit Court for the Southern District of Texas, at Houston, against Charles R. Parmalee et al., to recover the Jose Ortega upper two-league grant in Walker county, of which land the 87 acres in controversy in this suit is a part, and B. S. Shaw, defendant herein, was also a party defendant in said suit. W. J. Murchison was dead at the time said suit was instituted. His heirs were never made parties to such suit. On October 24, 1913, Shaw disclaimed in said suit as to all land except a tract the title to which is not involved in this case. In February or March, 1904, Shaw, being still in possession of the land in controversy in this suit, was called on by Col. Adams, counsel for the Murchison heirs, and told that, unless he surrendered his possession and agreed to hold possession of said land for the Murchisons, immediate steps would be taken to oust him from such possession. Shaw agreed that he would hold possession of the land as a tenant of the Murchisons. He remained on the land and continued to hold possession just as he had prior to this conversation. He did not move off of the land and then move back, or change his previous occupancy in any manner. This agreement between counsel for the Murchison heirs and the defendant Shaw was made during the pendency of the case of Wade Allen et al. v. Chas. R. Parmalee et al., 142 Fed. 354, 73 C. C. A. 402, in the United States Circuit Court at Houston, and without any notice to any of the parties to said cause. Shaw, since February or March, 1904, has held continuous, actual possession of said land, having the same under fence and using and enjoying it as a tenant of the Murchisons.

Some three, or four, or five, or may be eight, years ago, Ben Gibson approached B. S. Shaw in regard to his possession of the land in controversy, and was informed by said Shaw that he was holding same for Col. Earle Adams. Adams was, at the time, and had been for years, claiming the same for the defendants the Murchison heirs, and was acting for them in his transactions with the said Shaw.

On April 14, 1909, a judgment was rendered by agreement in said case of Wade Allen et al. v. Charles R. Parmalee et al. By said judgment the J. M. Thompson Lumber Company, the immediate grantor of the plaintiff in this suit, recovered from all of the parties, plaintiff and defendants and interveners, including the defendant in this case B. S. Shaw, the Jose Ortega upper two-league grant which, as stated, embraces the land in controversy. B. S. Shaw has paid taxes on the land in controversy for each year since 1904.

In April, 1869, R. W. B. Martin conveyed to Thomas S. Robinett and Emma K. Robinett 320 acres of land, of which the land in controversy is a part. The defendants introduced in evidence the judgment in the suit of Murchison v. Emma Robinett and the order of sale showing that the land was regularly advertised and sold by deed dated June 6, 1876, and that on June 6, 1876, J. J. Elkins, sheriff of Walker county, sold to W. J. Murchison an undivided one-fourth interest in the 320 acres of land as described in the deed from R. W. B. Martin to Thomas S. Robinett and Emma K. Robinett, which said 320 acres is set out by field notes. W. J. Murchison placed this deed on record some time in 1876, and it has been continuously of record since that date. In the year 1888 or the year 1889 W. J. Murchison sold and conveyed the 87 acres of land in controversy to a man by the name of Arrington. The records show that Murchison did not pay any taxes upon said land since the year 1884, and the testimony shows that Murchison died some time in the 90's.

[1] The first assignment of error reads as follows:

"The court erred in not rendering judgment for defendants on their pleas of limitation, because limitation was found as a fact by the court, and plaintiffs filed no pleading showing why limitation was not an absolute bar to their action, and, in the absence of such pleading by plaintiffs, defendants' pleas should have been taken as true, and judgment rendered thereon."

The only proposition under this assignment is to the effect that the pleas of limitation under the five and ten years statutes, not having been denied under oath, should be taken as confessed. The case was tried upon the theory that the issues were properly made by the pleadings. Evidence was introduced without objection, and it does not appear that defendants asked for judgment upon the pleadings. Under these circumstances, the failure to deny the pleas may be treated as waived by defendants. Railway v. Pennington, 166 S. W. 464; Railway v. Tomlinson, 169 S. W. 217; Hill County Cotton Oil Co. v. Gathings, 173 S. W. 598. Howev-

er, we do not think the act of March 3, 1913, applies to pleadings in trespass to try title cases, which are governed by the statutes specially relating thereto.

There is no second assignment of error.

[2] The third assignment reads as follows:

"The court erred in his finding that Gibson was not an agent for plaintiffs when he asked Shaw, eight years before this suit, to give a tenancy contract, because the evidence taken as a whole, clearly shows Gibson was an agent of plaintiffs, and notice to him was notice to plaintiffs, and the court erred in his finding of fact that plaintiffs had no notice of defendants' claim and possession."

The record does not contain any finding to the effect that Gibson was not an agent for plaintiffs when he asked Shaw to give a tenancy contract, nor does it appear that he was requested to make a finding on this point. It is impossible to tell from the assignment just what finding is sought to be complained of. The court made a finding that none of the parties to the case of Allen v. Parmalee had notice of the agreement of Shaw to attorn to the Murchison heirs. In the last portion of the assignment it seems that finding is sought to be attacked. Appellants contend that such notice was given in a conversation by Shaw to Gibson. Aside from the inconclusiveness and vagueness of the testimony relied upon to show agency and notice of attornment, Shaw's testimony was to the effect that the conversation occurred three, four, or five years, or maybe eight years, prior to the trial. This testimony was so uncertain that the court could not fix any definite time, and did not, but followed the language of the witness. It is too plain for argument that defendants failed to show notice for any period which would be sufficient to make good either of their pleas of limitation. The assignment is overruled.

[3] The fourth assignment reads as follows:

"The court erred in his twelfth finding of fact that in 1888 or 1889 W. J. Murchison sold this land, because no deed from Murchison to any one was produced, nor accounted for, and oral testimony to establish same was not admissible, and, even if it had been the oral testimony adduced was not sufficient to establish any such sale."

This assignment is also too general. It complains of two distinct rulings—one relating to the admissibility of evidence; the other to its sufficiency to support a certain finding. The only proposition is:

"No oral evidence of deed can be received until loss of deed is shown."

It does not appear that any objection was made to the admission of the testimony now sought to be objected to. The statement does not contain the testimony referred to in the assignment of error, but is merely an argument. The assignment is overruled.

[4, 5] The fifth assignment is as follows:

"The court erred in holding that limitation did not run from the date of the federal court judgment, but only began to run 20 days after such date, and erred in holding that the Murchison heirs were affected by such judgment, after finding that they were not parties to the suit, and had no notice of such suit, which the court must have held before he could give judgment for plaintiff."

The court did not make any conclusion of law to the effect that limitation did not run from the date of the federal court judgment. His conclusion of law was that defendants did not establish their pleas of limitation. If defendants were dissatisfied with that general conclusion, they should have asked for conclusions upon specific points. The only question which could have been raised by appellants was whether or not the court erred in holding that they had not acquired title by limitation. That is really the question we are asked to decide, and without any assignment of error raising it. While we overrule the assignment, now under consideration, and there is no assignment which attacks the judgment of the court as erroneous on the ground that a limitation title was established by defendants, and there is none which attacks the conclusion of law to the effect that no limitation title has been proven by them, we will say that said conclusion of law is correct. The secret trade between Shaw and Colonel Adams, whereby Shaw agreed, after the suit in the federal court against him was pending, to attorn to the Murchison heirs, cannot be the basis of any limitation title which Shaw himself could not assert. The judgment against him was rendered five years and ten days prior to the filing of this suit. It is therefore clear that the ten-year statute does not apply. Article 7758, Revised Statutes 1911; Stout v. Taul, 71 Tex. 439, 9 S. W. 329.

[6] It is equally clear that the five-year statute cannot be taken advantage of by appellants. W. J. Murchison sold and conveyed the land in controversy, and, having parted with the title acquired by means of the deed to him, such deed could not be the basis for a claim by his heirs of title by limitation under the five-year statute. Voight v. Mackle, 71 Tex. 78, 8 S. W. 623; Harris v. Hardeman, 27 Tex. 247; Daugherty v. Yates, 13 Tex. Civ. App. 650, 35 S. W. 937; Doom v. Taylor, 35 Tex. Civ. App. 253, 79 S. W. 1086. The question whether possession by Shaw, as tenant of the Murchison heirs, should be estimated as beginning on the date of the judgment against him in the case of Allen v. Parmalee or from such time as a writ of possession could be issued upon such judgment, need not be decided.

The judgment is affirmed.