BYBEE et al. v. AUSTIN & RILEY. (No. 1.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 14, 1915.)

1. Costs ⬥⟿32—Preclusion.

In a suit on notes, where plaintiffs did not admit that the amount defendants claimed was due was the correct amount, and defendant made no tender, before filing of suit, of such amount, plaintiffs could recover their costs, though through the admission of a small credit they recovered less than they originally sued for.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. ⬥⟿32.]

2. Pleading ⬥⟿265—Joinder of Issue.

In a suit on notes, where the plaintiffs, in their first supplemental petition, denied the allegation of defendants, in their first amended original answer, that they were entitled to a credit of $600, issue was properly joined on the point, and the credit was not admitted, though plaintiffs, in their second supplemental

petition, did not deny the credit repleaded by defendants in their second amended answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 806; Dec. Dig. ☞265.]

3. PLEADING ☞412 — JOINDER OF ISSUE — WAIVER OR FAILURE.

In an action on notes, where plaintiffs failed to deny the allegation of defendants' second amended original answer that they were entitled to a credit of $600, but the defendants in no manner sought to avail themselves of their statutory right to take such credit as confessed, but introduced evidence as if issue had been joined as to the credit, defendants waived plaintiffs' failure to deny the allegation of the credit, and could not complain of judgment not allowing it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. ☞412.]

4. BANKS AND BANKING ☞156 — COLLECTIONS—AGENT TO COLLECT DRAFT.

Where the makers of notes lodged a draft on a lumber company with a bank with which the notes had been lodged for collection, to collect and apply the proceeds in payment of the notes, such bank was the agent of the makers in its effort to collect the draft, not of the holders of the notes, and the latter were not chargeable with its negligence in attempting to collect, since the holders were not parties to the transaction between the bank and the makers concerning a matter outside the scope of the bank's agency with the holders to collect the notes.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 539–546; Dec. Dig. ☞156.]

Appeal from District Court, Montgomery County; J. Llewellyn, Judge.

Action by Austin & Riley, a partnership composed of R. L. Austin and J. P. Riley, against Charles Bybee and J. I. Wood. Judgment for plaintiff, and defendants appeal. Affirmed.

McCall, Crawford & McCall, of Conroe, for appellants. F. McDonald, of Montgomery, for appellee.

CONLEY, C. J. In this cause the appellees, Austin & Riley, a partnership composed of R. L. Austin and J. P. Riley, sued J. I. Wood and Chas. Bybee, appellants, on a promissory note, executed by the appellants to the appellees on the 17th day of July, 1912, said note being for the sum of $3,000, and due and payable $300 on or before the 1st day of October, 1912, and $300 payable on or before the 1st day of every succeeding month, until the full sum of $3,000 was paid, bearing interest at the rate of 10 per cent. per annum, and providing for the usual 10 per cent. attorneys' fees for collection. The note was given in part payment for certain pine timber growing on the lands belonging to the appellees, and which timber had been purchased by the appellants from appellees, a vendor's lien being reserved therein, to secure the payment thereof. At the time of the execution of the note, and as additional security for the payment of the same, the appellants also executed a deed of trust, in favor of appellees on certain lands in Montgomery county, Tex., and also upon certain sawmill equipment and machinery, the prop-

erty of appellants. A number of payments were set out in the petition, as credits on the note, and judgment was asked for the balance due, and also for foreclosure of the lien securing the payment of the note.

Appellants' pleadings admitted the execution of the note, the creation of the lien securing the same, and their joint and several liability on said note, but claimed that, in addition to the credits allowed in appellees' pleadings, they were also entitled to a credit of $30.40 (which credit was subsequently admitted and allowed by the appellees), and a further credit of $600, and as to this item, the appellants alleged:

"And defendants say, by further answer herein, that they are entitled to a further credit of $600 on the note sued on; that check was drawn by them on the Derby Lumber Company of Monterey, Mexico, in favor of Austin & Riley [appellees], and said check became the property of Austin & Riley; and defendants charge that the said Austin & Riley collected said check of $600, and that said amounts should be applied as a credit on the note sued on herein. And defendants further allege by way of answer that said check for $600 was a valid check and worth $600 at the date of delivery, and, if same had been promptly presented and due diligence employed in its collection by plaintiffs, or its agents, that same would have been paid, and they would have received proper credit therefor, and if same was not collected, it was due to the carelessness and negligence of plaintiffs and other agents, and defendants suffered a loss of $600."

The case was submitted to the court without a jury, and the learned trial judge, after hearing the issues involved, rendered a judgment in favor of the appellees for the sum of $954.27, being the balance due on said note, and also rendered judgment in favor of appellees for interest and attorneys' fees and all costs of suit, and foreclosure of all liens as prayed for, and denied appellants credit of $600.

Appellants' first assignment of error assails the judgment of the court upon the theory that the court erred in rendering judgment for costs of suit against them, for the reason that after the original petition had been filed, and after the defendants had filed their answer setting up the cerdit of $30.40 and during the progress of the case, the appellees admitted the credit of $30.40, and therefore the costs should have been assessed against the appellees. If a suit is brought on a note and the plaintiff fails to give all the credits thereon to which it is rightfully entitled, and defendant afterwards sets up certain credits in an answer, and the plaintiff by subsequent pleadings admits the credits, and the defendant thereupon tenders to the plaintiff the amount of his debt, and in the trial of the cause make proof that he offered to pay such amount before the suit was filed, then the costs, as a matter of course, should be assessed against the plaintiff. In this case, however, the appellants were not only claiming a credit of $30.40, which was admitted, but also a credit of

$600, which was denied, and upon which issue was joined. Paragraph 6 of defendants' second amended original answer contains the following allegations:

"Defendants say if plaintiffs will allow all the credits on said note, which said note is entitled to, including $30.40, and the $600 referred to, that they are willing to pay the plaintiffs the amount of said note, after taking off and deducting all the credits said note is entitled to."

[1] There was no admission upon the part of appellees that the amount appellants were claiming to be due was the correct amount, nor is there any evidence of the tender of such an amount before the filing of the suit, even though, for the sake of argument, it be conceded that the contention of appellants as to the amount due on said note is correct. We know of no rule which authorizes or justifies the assessment of costs against the plaintiff where, simply in a controversy over the amount actually due, he recovers less than he originally sued for. There is no merit in this assignment of error, and it is overruled.

[2] Under appellants' fifth and sixth assignments of error, which are grouped, it is contended that the trial court erred in not allowing appellants' $600 credit: First, for the reason that the allegations as to this subject was new and affirmative matter set up in the second amended original answer, and was not denied by appellees, and the same, therefore, should have been taken as confessed, and, second, that the First State Bank of Montgomery, to whom appellants had sent the $600 draft for collection against the Derby Lumber Company of Monterey, Mexico, the proceeds of which was to be applied to the payment of said $3,000 note, then in the hands of said bank for collection, was the agent of appellees, and that said bank, as well as the appellees, were guilty of negligence in failing to present said draft for payment to the Derby Lumber Company of Monterey, Mexico, within a reasonable time, and that if it had been so presented, said sum of $600 would have been realized, and the appellants would have received an additional credit for that amount on said note.

In the trial of this cause, the transcript shows the following pleadings as being before the court: (1) The original petition filed March 11, 1914; (2) appellants' second amended original answer, containing, among other things, the allegation of the $600 credit as hereinabove referred to, filed October 14, 1914; (3) appellees' "Replication to Defendants' First Original Amended Answer," which may more properly be designated, "Plaintiffs' First Supplemental Petition," filed October 6, 1914. This pleading, in substance, denies that the appellants are entitled to a credit of $600 by way of offset for the draft given to appellees on said lumber company, and denies that such check was ever given to the appellees, or to either of them, to be applied as a credit on the note. It sets out, further, that on or about the 5th day of May,

180 S.W.—19

1913, the appellants delivered to the First State Bank of Montgomery for appellees a draft drawn by them on the Derby Lumber Company of Monterey, Mexico, for the sum of $600, in favor of appellees, and to be credited upon the note sued upon when collected, but that payment was refused, and said draft dishonored and returned to appellants. This pleading is duly verified. On October 14, 1914, the day of the trial of this cause in the lower court, and presumably in response to the second amended original answer of appellants, which was filed on that day, the appellees filed a pleading designated "Replication to Defendants' Second Amended Original Answer," which more properly should be designated, "Plaintiffs' Second Supplemental Petition," and which pleading contains a general demurrer and general denial to the second amended original answer, and also contains these further allegations:

"And for further replication to defendants' said second amended original answer say that the payment of $38, therein set up, is the same and identical $30 payment set up in defendants' first amended original answer, and which plaintiff allowed in its replication thereto, and is the only credit that defendants are entitled to, except those credits on the back of the note and set up in plaintiffs' original petition."

This pleading is also verified. The due order of the filing of these pleadings is in strict compliance with the rules governing such matters, except in designating the name of each successive plea. It was not necessary for appellees, when appellants filed their second amended original answer, to deny in the second supplemental petition the same allegations which they had previously denied by the first supplemental petition, and which allegations had been repleaded by appellants in the second amended original answer. There is therefore no merit in the contention that appellees by proper pleadings had not joined issue on the alleged $600 credit.

[3] It would further appear from the statement of facts filed in this cause that in the trial before the court the plaintiffs introduced the note herein sued upon and the deed of trust and rested; that the appellants then introduced Charles Bybee, one of the defendants in the case, who, after being duly sworn, testified to placing the $600 draft on the Derby Lumber Company in the hands of the bank as a credit on said note, his subsequent dealings with the bank, how the draft was handled by the bank, his inability to obtain any information concerning the draft, and on other features respecting the draft. If it be conceded that appellees nowhere denied the allegations as to the $600 credit, it is apparent from the record that appellants in no manner sought to avail themselves of the statutory right of taking, as confessed, the facts stated in the second amended original answer, and which it is contended were not controverted by the appellees. But upon the other hand, evidence was introduced by them as if issue was joined on these allegations. It was the duty of appellants, if they

desired to avail themselves of a failure of the appellees to controvert any of the allegations in the pleadings, to have asked the court for judgment upon the pleadings as to such particular matters. Under such circumstances, the failure to deny the allegations of the $600 credit, conceding, for the sake of argument only, that there was such failure upon the part of the appellees, may be treated as waived by the appellants. Shaw v. Thompson Bros. Lbr. Co., 177 S. W. 574; Railway Co. v. Pennington, 106 S. W. 464; Railway Co. v. Tomlinson, 169 S. W. 217; Hill County Cotton Oil Co. v. Gathings, 173 S. W. 598.

[4] It is earnestly urged by the appellants that in the handling of the $600 draft on the Derby Lumber Company of Monterey, Mexico, the First State Bank was acting as the agent of the appellees, and that the evidence shows that there was negligence in presenting the said draft for payment, and that on this account the money was lost and appellees deprived of a just credit on said note. Charles Bybee, one of the defendants in this cause, testified as follows:

"I live in Houston, Harris county, Tex. We, Bybee and Wood, executed the note and deed of trust sued upon in this case, and the same is correct, except the payment, which we claim we made as follows: We paid to the plaintiffs in this case $30.40, in script, which we had not been credited for when this suit was filed, and which was received by plaintiffs and collected as cash. Yes, sir; on the 5th day of May, 1913, before this suit was filed, we got notice from the Montgomery State Bank that they held the note sued on belonging to Austin & Riley, and demanded collection and payment of the same. About this time we sent the Montgomery State Bank our check for $600, drawn on the Derby Lumber Company, of Monterey, Mexico. These people were lumber brokers, and we had considerable dealings with them in shipments of lumber, and they have always paid our checks or drafts, and we believed that the check was good when we sent it to the Montgomery State Bank to be credited on our note to be held by them. We heard nothing more from this check, and believed it was paid, and continued to ship lumber to these people for some time after that (the Derby Lumber Company) which we would not have done had we known this check was not paid or honored. We heard nothing from this check or its payment, nor from the Montgomery State Bank about it for quite a while, and finally I went to Montgomery the latter part of the following summer, I think it was in September, and called on Montgomery State Bank to know about the payment of this check, The cashier informed me that he did not know whether it had been paid or not, that he had no evidence of it, and that he would take it up at once with his Houston correspondent, and try to find out about it. I heard nothing further of the check or its payment, and believed it was paid, and never received this check back, or any notice of its nonpayment, and fully believed it was paid, and knew nothing to the contrary, and when this suit was filed I had discovered that they had not given us credit for this check for the first time. I believed then and now that this was a good and valid check, and would have been paid if the same had been promptly presented by the Montgomery State Bank, or its correspondent, for collection, and for the reason of that shipped the same people a lot of lumber after the giving of this check, and drew other checks and drafts on them,

which were paid. We had a balance to our credit with this Monterey firm, when we drew this check, sufficient to cover this amount so drawn, to wit, $600, and continued to ship other lumber to the same people afterwards, and drew other checks upon them, which were cashed."

Plaintiffs, in rebuttal, introduced T. L. Wilcox, cashier of the First State Bank of Montgomery, aud he testified as follows:

"I am the cashier of the First State Bank of Montgomery, and held such position May 5, 1913, and prior thereto and since then. Some time before May 9, 1913, Austin & Riley, the plaintiffs in this suit, placed the Bybee and Wood note sued on here in our bank, and left same for collection, and we notified Bybee and Wood at Willis, Tex., that we held the note for collection. About May 5, 1913, we received a check from Bybee and Wood for $600, drawn on the Derby Lumber Company of Monterey, Mexico, which check when paid was to be credited on the Austin & Riley note now sued on. We forwarded this draft for collection to our correspondent in Houston, the South Texas National Bank, but we did not hear from the draft, and I think probably the latter part of the summer—I don't recall just the date—Mr. Bybee, one of the defendants, came over to the bank, and asked me about this check. We told him that we were not advised upon its payment, and had no record of it; that we had been unable to hear from said draft on account of the war in Mexico, but would take it up with our correspondent in Houston and let him know. We did this, but failed to hear from this check for some time. We finally got the check back about March 14, 1914, marked unpaid, which draft we immediately mailed to the defendants, Bybee and Wood at Willis, Tex., where Mr. Bybee lived, and the letter was not returned to us, and we never received the draft back. There was some trouble in Mexico, war going on, and don't know why we didn't hear from this draft, unless it was on account of the war then going on in Mexico. Didn't get any information, only what is stated above about it, but we did our best to do so, and collected the draft. The draft was never paid, and we did not credit the note with it. We accepted said draft to be credited on said note when paid, and not before. We did not credit said note with said draft because we never collected the draft."

Upon this evidence the trial court found that the First State Bank of Montgomery was the agent of the appellants in its effort to collect the draft from the Derby Lumber Company, of Monterey, Mexico, and that the bank was not negligent in handling the draft, and in this there was no error. The appellees had nothing to do with this draft, and, in fact, so far as the record shows, never knew that this draft had been given to the bank, and was never advised by the bank, or any one else, that such a draft had been given, and there is no evidence of any kind that if the appellees had any such knowledge, they accepted such draft as a payment on said note. In so far as disclosed by the record, the bank did not have any authority from the appellees to accept anything but actual money as payments on said note, nor any payment less than the entire amount due. The $600 draft was placed with the bank for collection with the understanding between the bank and appellants that the proceeds thereof, when collected, were to be held by the bank for the purpose of making a credit on said note. This

was a transaction between the bank and appellants, in which appellees were not a party, and concerning a matter outside of the scope of its agency with the appellees. We find no merit in any of the contentions of appellants under the fifth and sixth assignments of error, and they are therefore overruled.

The seventh assignment of error complains of the action of the court in admitting, over appellants' objection, evidence of appellees that a state of war existed in Mexico at the time the draft above mentioned should have been collected, because appellees, in no part of their pleadings, set up any fact or allegation under which said proof could be properly admitted, since the appellees wholly failed to deny the allegations of appellants that the appellees were negligent in not forcing the collection of the $600 draft. Disposition of the fifth and sixth assignments of error disposes of this assignment, and it is therefore overruled.

In the ninth assignment of error, the appellants attack the trial court's finding, in his findings of fact and conclusions of law, that the First State Bank of Montgomery was the agent of appellants. We have examined this question under the fifth and sixth assignments of error, and the conclusions on this subject are contrary to such contention, and this assignment is therefore overruled.

Judgment affirmed.