**CRAWFORD et al. v. RUBY et al.    (No. 788.)**

(Court of Civil Appeals of Texas. Beaumont. March 25, 1922.)

**1. Lis pendens ⬡13, 22(4), 24(1)—Purchaser of land pendente lite without notice held not an innocent purchaser.**

Purchaser of land pendente lite before enactment of statute requiring filing of lis pendens notice, though without actual knowledge of the suit, was not an innocent purchaser, and though the suit was pending in the federal and not in the state court, such purchaser was affected by the decree as fully and as completely as the vendor himself would have been had he held the land until the suit was disposed of.

**2. Adverse possession ⬡97—Purchaser divested of title to portion of land by decree in suit pending against vendor, could not obtain title without actual possession.**

Purchaser of land pendente lite, who was divested of title to a portion of the land conveyed by the vendor's deed by decree rendered in the suit pending against vendor at time of purchase, could not obtain title by adverse possession under the 5 and 10 years' statute of limitation to such portion without actual possession thereof.

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Suit by H. D. Crawford next friend of Alex Crawford against J. E. Ruby, Nellie B. League, and others. From judgment rendered, plaintiff and last-named defendant appeal. Reversed and rendered.

Mantooth & Collins, of Lufkin, for appellants.

Jno. B. Guinn, of Jacksonville, for appellees.

WALKER, J. This suit was in the ordinary form of trespass to try title, with appellant H. D. Crawford as plaintiff and the appellees as defendants. Appellees answered by the usual pleas in trespass to try title.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The trial was to the court without a jury, and judgment was entered for appellees for the land and for appellant H. D. Crawford against his warrantors. Crawford and the warrantors have appealed.

As presenting the issues in this case, we give the following conclusions of law and fact, as filed by the trial court:

"I find that Pauline V. McDonald, a resident of King county, state of New York, filed suit in the District Court of the United States for the Eastern District of Texas, at Tyler, Tex., for 140 acres of land, against Wensel Hellenkamp, and against various other persons for other and separate tracts, and that a part of the 74 acres sued for and described in plaintiff's petition in this cause was a part of said 140-acre tract; that the petition in said cause was filed in the United States District Court on December 15, 1892; that the citation was duly issued by the clerk of said court on the 17th day of December, 1892, to Wensel Hellenkamp, and was duly served upon him, and his answer thereto was filed in said cause.

"I find that said cause was pending in said court against Wensel Hellenkamp from the time said suit was filed, December 15, 1892, to 3d day of May, 1903, on which day final judgment was rendered for Wensel Hellenkamp for 80 acres of said 140 acres, described as follows: [Here follows field notes of the 80 acres.]

"I find that said 80 acres is a part of the 140 acres purchased by Wensel Hellenkamp from R. Ridley on December 29, 1870, and that Pauline V. McDonald recovered judgment against Wensel Hellenkamp for all of said 140 acres, except the 80 acres above described, but I find that before said judgment was had and entered for the said Pauline V. McDonald against the said Wensel Hellenkamp, on, to wit, the 29th day of April, 1899, the said Wensel Hellenkamp ,and wife had for a valuable consideration sold all of said 140 acres of land to one J. A. Yingling, and that the said J. A. Yingling, had no notice that said suit was pending against the said Wensel Hellenkamp at the time of said sale. I find that this deed of Wensel Hellenkamp and wife to J. A. Yingling was recorded in the deed records of Angelina county, Tex., on the 28th day of January, 1904, and that at the time of the execution of the deed nor at the time it was recorded was there any lis pendens record of the said suit made and filed in said Angelina county, where the land was situated; and I find that the copy of the judgment had by the said Pauline McDonald was not filed in Angelina county for record until after the deed made by the said Hellenkamp and wife to said J. A. Yingling was recorded, and not until the 9th day of May, 1904. [From facts found by the trial court the title of Pauline McDonald to the land awarded her in her suit against Wensel Hellenkamp passed to the plaintiff herein.]

"I find that R. Ridley sold the 140 acres of land above mentioned to Wensel Hellenkamp, describing it by metes and bounds, by deed of date December 29, 1870, that said deed was filed for record August 7, 1871, and recorded in Book G, page 39, and that Hellenkamp took immediate and actual possession of same, occupying and cultivating a portion of the tract,

239 S.W.—65

and claiming the whole of said tract as his homestead continuously up to the time he sold it to J. A. Yingling, on, to wit, 29th day of April, 1899, and that he, the said Hellenkamp, never afterwards asserted any claim to any portion of said land.

"I find that no part of the 74 acres described in plaintiff's petition was ever inclosed by fence by either Ridley, Hellenkamp, or J. A. Yingling, but that each of them claimed the entire 140. acres, and that each of them lived upon, cultivated, and used the land as a homestead.

"On the question of outstanding legal title pleaded by defendant and interveners in George Whitken I find as follows:

"I find that on the 2d day of February, 1874, Wensel Hellenkamp, without being joined by his wife executed to George Whitken a warranty deed, reciting a consideration of $500 conveying the whole of the 140 acres of land formerly conveyed to Wensel Hellenkamp by R. Ridley; that said deed was duly and properly acknowledged and recorded, in Book H, page 58, of Deed Records of Angelina county, Tex.; that the date of filing of this deed for record was May 6, 1874.

"I further find that the following indorsement is written on the margin of Book H, at page 59 of Deed Record, immediately following the page of the record of this deed, to wit: 'Endorsed. This instrument of writing from W. Hellenkamp to Geo. Whitken is null and void as per deed from said Whitken to Hellenkamp and the Deed Records 39 & 40, Book G, remains in full force and effect, therefore be it known that this instrument as recorded on this and the opposite page, to wit, page 58, is hereby canceled, this 4th day of April, 1878. George Whitken, Homer, Texas, June 3, 1878. E. H. F. McMullen, Cl. Clk. A. C.'

"* * * There was no proof offered that Whitken has ever exercised control over the land or claimed the same since he received the deed. He has been dead for many years.

"I find that on the 29th day of April, 1899, Wensel Hellenkamp and his wife conveyed to J. A. Yingling the 140 acres of land fully described by metes and bounds with well-defined boundaries; that this deed was duly and properly acknowledged before Jas. G. McKnight, a notary public, in and for Angelina county, Tex., and was filed for record on the 28th day of January, 1904, and recorded in Book 12, page 246, Deed Records of Angelina county, Tex., and I find all that portion of the 74 acres sued for by plaintiff, and for which judgment was rendered for defendant and interveners, was a part of the 140 acres so sold to J. A. Yingling. I further find that the same description given in the deed from Wensel Hellenkamp and wife, Caroline Hellenkamp, to J. A. Yingling was given and contained in the deed from R. Ridley to Wensel Hellenkamp. I find that Wensel Hellenkamp bought the 140 acres of land from R. Ridley by deed of date December 29, 1870, which deed was filed for record August 7, 1871, and recorded in Book G, page 39, and that Wensel Hellenkamp and his wife lived upon said 140 acres of land as their homestead, with a part of it fenced and being cultivated, and claiming the whole 140 acres coextensive with the boundaries given in said deed from the date he bought from Ridley until he sold to J. A. Yingling, to wit, April 29, 1899, and that he

never thereafter asserted any claim of right or ownership. I further find that J. A. Yingling and his family lived upon the 140 acres of land, cultivating and using it, with a part of 140 acres inclosed by fence, and claiming the whole of said 140 acres, together with their tenants, until the death of J. A. Yingling, and that after his death his surviving widow and her children, together with their tenants, lived upon said 140 acres, with a part of same fenced and being cultivated each year, and possibly the year 1910; there was no crop grown on the place that year, save a garden, the fence having burned that year; but I find that for each and every year save and except the one year there was a crop grown and cultivated on the place, and that there was some one living in the house thereon each year. I find that when J. A. Yingling purchased the land from Wensel Hellenkamp and wife he paid value for same, and that he had no notice, either actual or otherwise, of the pendency of the suit in the United States District Court at Tyler against Wensel Hellenkamp. [On facts found by the trial court, the title of J. A. Yingling was held by the appellees herein.]

"I find that since the year 1903 this land has been occupied, lived upon, a portion of it being fenced and cultivated continuously each year up to the year 1917 by the following persons as follows: [The trial court found and named the persons who occupied the 80 acres under the Yingling claim each year from 1903 to 1917.]

"I find that J. A. Yingling paid all the taxes assessed and due as they became due on the 140 acres of land for the years 1903, 1904, and 1905, and that Mrs. Yingling paid all the taxes assessed and due against the 140 acres of land as they became due for the years 1906, 1907, and 1908, and that she also paid all the taxes assessed and due against the 140 acres for the year 1909, but that the same were not paid until the fall of 1910. I find that Mrs. A. L. Yingling paid all the taxes due and assessed against said land as they became due for the years 1910, 1911, 1912, 1913, 1914, 1915, and 1916, and that the defendant J. E. Ruby has paid all the taxes assessed and due against said 140 acres of land as the same became due for the years 1917, 1918, 1919, and 1920.

"I find that plaintiff's petition in this cause was filed in the district court of Angelina county, Tex., on March 11, 1919.

"I find that all parties to this suit agreed that Wensel Hellenkamp was the common source of title. * * *

#### "Conclusions of Law.

"1. I conclude as a matter of law that since J. A. Yingling at the time he purchased the 140 acres of land had no notice, either actual or otherwise, of the pendency of the suit against his grant or Wensel Hellenkamp, in the United States Court at Tyler, Tex., the said J. A. Yingling having paid value for said 140 acres of land, he is a bona fide purchaser for value without notice; therefore the plaintiff is not entitled to recover in this cause.

"2. I conclude as a matter of law that since J. A. Yingling, his surviving widow, and their tenants occupied, lived upon, and cultivated a portion of said land from the year 1903 to the year 1916, with a deed of record from the 28th day of January, 1904, describing the entire 140 acres by field notes, it was unnecessary for them to have inclosed the entire 140 acres, and that their possession to the entire tract was actual and sufficient to run both the 5 and 10 years' statutes of limitation, with the occupancy, use, and enjoyment shown by the evidence, together with the payment of taxes for more than 5 consecutive years, during which time the said deed was of record, in Book 12, page 246 of Deed Records of Angelina county, Tex., the county in which said 140 acres of land is situated.

"3. I conclude as a matter of law that the indorsement found upon the margin of the deed records did not affect the defendant and interveners' plea of outstanding legal title, and that the proof shows a valid outstanding legal title in George Whitken. That in law the only purpose for which said indorsement could be used and available would be in estoppel against George Whitken or some one claiming title under him.

"4. That plaintiff is entitled to recover against all warrantors."

[1] We believe the trial court erred in his conclusion of law. J. A. Yingling purchased the 140 acres from W. Hellenkamp pendente lite, and therefore was not an innocent purchaser. Wille v. Ellis, 22 Tex. Civ. App. 462, 54 S. W. 922. As a purchaser pendente lite he was visited by law with notice of all proceedings had in the suit in the federal court at Tyler, and held his title subject to the final determination of that suit. He stood in the shoes of W. Hellenkamp and was affected by the final decree in that case as fully and as completely as Hellenkamp himself would have been had he held the land until the suit was disposed of. Latta v. Wiley (Tex. Civ. App.) 92 S. W. 433; Gassidy v. Kluge, 73 Tex. 154, 12 S. W. 13; Morrison v. Lazarus (Tex. Civ. App.) 35 S. W. 498; Frey v. Myers (Tex. Civ. App.) 113 S. W. 592. At the time the suit was filed in the federal court at Tyler and judgment entered therein we had no statute requiring the filing of a lis pendens notice. As we understand, that statute was not passed until 1905. Prior to the enactment of that statute the mere filing of the suit operated as lis pendens. Latta v. Wiley, supra. As lis pendens, the filing of the suit in the federal court had the same effect as if it had been filed in the state court. Stewart v. Wheeling, 53 Ohio St. 151, 41 N. E. 247, 29 L. R. A. 438.

[2] The judgment in Mrs. McDonald's favor for the 74 acres divested the title thereto out of Hellenkamp and Yingling as fully and as completely as if they had conveyed it to her by voluntary deed and terminated their constructive possession of the 74 acres. After the entry of that judgment, their possession was limited to the 80 acres awarded to W. Hellenkamp. As they never afterwards entered into actual possession of any portion

of the 74 acres, the trial court erred in awarding it to them under their pleas of the 5 and 10 years' statutes of limitation. Yingling had a deed of record conveying him the entire tract of 140 acres. He continued claiming the entire tract after the entry of the judgment against him, and paid taxes on the same, but he could not prescribe under any of the statutes of limitation; except under a claim of actual possession, which he did not have. This proposition is well stated in the first syllabus of Doom v. Taylor, 35 Tex. Civ. App. 251, 79 S. W. 1086:

"Where one's title to land was divested by a sheriff's sale, his subsequent possession of a portion of the land could not be extended to the boundaries described in the deed under which he claimed prior to the sale."

See, also, Gulf Prod. Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1023, and authorities therein cited. We think Roseborough v. Cook, 108 Tex. 364, 194 S. W. 131, is clearly authority for the proposition that the judgment in Mrs. McDonald's favor against Hellenkamp canceled Hellenkamp's and Yingling's title to the 74 acres, and that they could not acquire a new title by limitation to the 74 acres except by entering into possession thereof.

The trial court erred in concluding "that the proof shows a valid outstanding legal title in George Whitken." Whatever was the effect of the deed from Hellenkamp to Whitken, and the indorsement made by Whitken on the deed records of Angelina county disclaiming all interest in the land, the facts found by the trial court clearly show that Hellenkamp held the 140 acres adversely to Whitken for 25 years under all the conditions necessary to acquire a title adverse to Whitken under the 10-year statute of limitation. As appellees held under Hellenkamp and duly pleaded the 10-year statute of limitation, we conclude that the common source reacquired the title which he had attempted to convey to Whitken, and that in 1892, when Mrs. McDonald filed her suit against Hellenkamp, and in 1899 when Hellenkamp conveyed to Yingling, and in 1903, when judgment was rendered in Mrs. McDonald's favor against Hellenkamp, there was no outstanding title in Whitken. As we understand the facts found by the trial court, judgment should have been rendered by him for appellant, H. D. Crawford, for all of the 74 acres described in his petition. We, therefore, reverse the judgment of the trial court, and here enter judgment in behalf of H. D. Crawford. This judgment requires a reversal of the judgment in Crawford's favor against his warrantors. All the costs of this appeal are taxed against appellee.

Reversed and rendered.